CITY OF MILWAUKEE, Appellant, vs. FERA and another,
Respondents.

*November 7—December 2, 1919.*

*Workmen's compensation: Liability of city to injured employee of
    contractor: Service incidental to employment: Taking horse
    and wagon to barn after finishing day's work.*

1. A garbage collector whose immediate employer was employed
   by the city of Milwaukee to collect garbage and convey it by
   wagon to the city incinerator was, in view of sec. 2394—6,
   Stats., entitled to compensation from the city for injuries sus-
   tained while performing service growing out of and incidental
   to his employment, notwithstanding his immediate employer
   was not subject to the provisions of the workmen's compensa-
   tion act.

2. Such employee, injured as a result of his horses becoming
   frightened while he was taking his equipment, part of
   which was owned by the city, back to the barn of his imme-
   diate employer after having taken his last load for the day
   to the city incinerator, was at the time of the accident per-
   forming service growing out of and incidental to his employ-
   ment within the meaning of sub. (2), sec. 2394—3.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commis-
sion* under the workmen's compensation act. The claim-
ant, *Gaetona Fera,* on November 21, 1917, was employed
as a garbage collector in the city of *Milwaukee.* His imme-
diate employer was one Boadi, who was employed by the
city to collect garbage and convey it by wagon to the city
incinerator. Boadi was not subject to the compensation
act. *Fera* began work each day at about 2 o'clock a. m. and
finished at about 8 a. m. On the day of the accident he
had taken his last load to the incinerator and unloaded it
and was taking his equipment, consisting of a horse and
wagon which belonged to his employer, Boadi, and the
garbage box which belonged to the city, back to a barn be-
longing to Boadi on East Water street in the city, where it

was usually kept after work each day until the work commenced again the next morning. On the way to the barn the horse became frightened and the wagon was tipped over, throwing *Fera* to the ground, seriously injuring him. The award of the *Commission* in favor of *Fera* was sustained by the trial judge and the city appeals.

For the appellant there was a brief by *Williams & Stern* of Milwaukee, and oral argument by *Erich C. Stern.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *J. F. Baker,* assistant attorney general, and oral argument by *Mr. Baker.*

WINSLOW, C. J. In order to be entitled to compensation under the workmen's compensation act the claimant must have been, at the time of the accident, (1) an employee of the party of whom compensation is claimed, and (2) performing some service growing out of and incidental to his employment. Sec. 2394—3, Stats. It seems clear to us that the claimant here answered both requirements.

It must be conceded, not only that the claimant was in the employ of Boadi at the time of the accident, but that he was then engaged in his regular work as such employee. Boadi was not subject to the provisions of the compensation act, and that act provides (sec. 2394—3) that an employer subject to the provisions of the act shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to the act in any case where such employer would have been liable for compensation if such employee had been working directly for such employer.

The city of *Milwaukee* is subject to the provisions of the act, and this provision plainly made the claimant here the employee of the city while carrying out Boadi's contract with the city to the same extent that he was an employee of Boadi, so far as the purposes of the compensation act are concerned. So there can be no doubt of the existence of the

relation of employer and employee within the meaning of the compensation act at the time of the accident. · That the claimant was then· performing service growing out of and incidental to his employment seems equally beyond doubt. He was taking the garbage collection equipment, part of which belonged to the city, to its usual place of storage and care so that it should be ready for the work of the following day.    We can hardly conceive of a service which grows out of and is incidental to his employment as a garbage collector if this is not such a service.

*By the Court.*—Judgment affirmed.