Rock County and another, Appellants, vs. Industrial Commission of Wisconsin and another, Respondents.

*October 18—November 11, 1924.*

*Workmen's compensation: Performing services incidental to employment: Riding home from work: Injury to employee: Liability of employer.*

1. Applicant, who was employed by a county to work on highway construction under an agreement that he should be transported to and from work, was told by his foreman at the end of the day's work to ride with one V. H., as the truck which ordinarily took the men home had gone. V. H., also an employee of the county, was in the habit of using his car for such emergencies under an informal arrangement whereby he

received free gas and oil from the county. *Held,* that an injury suffered by the applicant when V. H. lost control of the car arose within the period of the employment and while applicant was engaged in doing something incidental to it; the county, while it did not own and was not in control of V. H.'s car at the time of the injury, did control and exercise the choice of the vehicle to be used, and the liability is the same as if applicant had been injured while riding in the car generally used for that purpose. p. 137.

2. Under sub. (2), sec. 102.03, Stats. 1923, and the contract of employment, which included transportation of the employee to and from work, the relation of master and servant existed while the employee was being transported home after the end of his day's work for the county. p. 138.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant *Employers Mutual Liability Insurance Company* there was a brief signed by *Quarles, Spence & Quarles,* attorneys, and oral argument by *Kenneth P. Grubb,* all of Milwaukee.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *T. L. McIntosh,* assistant attorney general, and oral argument by *Mr. McIntosh.*

For the respondent *Casey* there was a brief by *Nolan, Daugherty & Grubb,* attorneys, and *Paul N. Grubb,* of counsel, all of Janesville, and oral argument by *Mr. Grubb.*

JONES, J. The jurisdictional facts in this case are admitted, and the sole point in issue is the question whether the injury, which the plaintiff suffered while being transported to Janesville in the automobile of Mr. Van Hise, occurred in the course of his employment and was such a hazard of his employment as to justify the award of the *Commission.* The son of the claimant and the foreman of the road work in question, Richard Casey, testified that he hired his father at the rate of forty cents per hour to work on some highway construction between Janesville and Evansville in the summer of 1923; that his father inquired as to the means of transportation to and from work and

that he had assured his father that the county would provide for that; that he had been in the habit of taking his father to and from work in the county-owned car which he drove; that a truck ordinarily took the men to and from Janesville who did not have cars of their own and who did not wish to remain in the camp which was provided at the construction site; that on the night of June 14, 1923, his father had come to him at quitting time and that he had informed his father that he was not returning to Janesville, and that as the truck had gone into the city and would not return that evening he should ride in with Mr. Van Hise; that Van Hise, though not under contract to do such service, had been in the habit of using his own car to take men to dinner and for just such emergencies as this, upon the request of the foreman or the county commissioner; that gasoline and oil were furnished to Mr. Van Hise and not charged against him in return for such use of his car. The applicant in this case testified to the same facts with respect to the hiring and the request for transportation on the night in question; that he stopped Van Hise as he passed by and told him that his son had told him that he was to ride in with Van Hise; that he did ride in, and that he was injured when Van Hise lost control of the car and it struck a telephone pole, causing the injuries complained of. Mr. C. E. Moore, the highway commissioner for *Rock County*, corroborated the statement of the applicant, *N. J. Casey*, with respect to his conversation with Van Hise previous to setting out on the return to Janesville, on the night in question. He also testified that he knew of and approved of the informal relations between Van Hise and the county whereby the county called upon Van Hise to use his car in its behalf, allowing him gasoline and oil in return for the use of his car; that the transportation of men to and from the construction work was a part of the employment contract for those who did not desire to camp on the job or use their own cars. Mr. Van Hise testified that the applicant had stopped him on

Rock County v. Industrial Comm. 185 Wis. 134.

the night in question and informed him that the foreman had said that he should take the applicant with him to Janesville and that he did so under the belief that he was doing it for the county; that he asked nothing and received nothing from the applicant for the ride; that he was accustomed to do similar services for the county under just such circumstances; that he was reimbursed not by additional salary but by being supplied with gasoline and oil in excess of that needed by him for making the journeys undertaken for the county; that he drove carefully on the night of the accident in question, but that a pin in the steering wheel became dislodged in such a way as to take away from him the control of the right front wheel and that the car was thereby thrown into the ditch on the right side of the road, causing the injuries complained of by the applicant. The appellant in this case is taking the appeal on the ground that the *Commission* erred in finding the conclusion that the injury arose from a hazard of the employment, asserting that the evidence does not support such a finding and that the circuit court should have set such a finding aside.

It is one of the claims of the appellants' counsel that the hazard was not peculiar to the employment, but one to which the general public was exposed. It was found by the *Commission* and is undisputed that it was part of the contract of employment that the claimant should be transported to and from work each day. It is plain that as part of this agreement the ordinary mode of transportation would be by truck or automobile. In view of these facts it seems clear to us that the accident grew out of the hazard of the industrial enterprise in which the applicant was engaged and was peculiar to it. Transportation to and from work was incidental to the employment. The injury arose within the period of the employment and while the claimant was engaged in doing something incidental to it. *Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921; *Milwaukee v. Althoff,* 156 Wis. 68, 145 N. W.

238; *Swanson v. Latham,* 92 Conn. 87, 101 Atl. 492; *Milwaukee v. Fera,* 170 Wis. 348, 174 N. W. 926.

It is also claimed that neither Van Hise nor the applicant was under the control of the county when the accident happened; that both had ceased to be on the county's time. Sec. 2394—3 (now 102.03) provides that an injury sustained by an employee is compensable "(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment." Under this statute and the contract of employment, which included transportation, the relation of master and servant extended beyond the hours during which the claimant actually worked on the highway and existed while he was being transported according to the terms of the contract. *Littler v. George A. Fuller Co.* 223 N. Y. 369, 119 N. E. 554; *Swanson v. Latham,* 92 Conn. 87, 101 Atl. 492; *Milwaukee v. Althoff,* 156 Wis. 68, 145 N. W. 238. It is further claimed by the appellants' counsel that the relation between Van Hise and the claimant was that of a gratuitous guest or host and licensee; that the ride was furnished the claimant by Van Hise as an accommodation merely, and that at the time of the accident the vehicle was wholly within the control of a person other than the employer. It is argued that the case is analogous to that which would arise if the claimant had hailed a passing car or bus and had ridden in such a vehicle. Counsel place great emphasis on the claim that the car of Van Hise was not under the control of the county, and they cite several cases to sustain the view that such control is necessary to sustain liability. One of the cases most relied upon is *Diaz v. Warren Bros. Co.* 95 Conn. 287, 111 Atl. 206. In this case the workman was injured after he had quit work for the day, when he attempted to board a motor truck in order to return home. The truck had been used in the work during the day, but at the time of the accident was in no way under the control of the employer. The employer was under no obligation to furnish transportation.

This last fact clearly distinguishes that case from the one before us. The same is true of an English case cited by the appellants' counsel: *Edwards v. Wingham A. I. Co.* 109 Law Times Rep. 50, 6 Butterworth's W. C. C. 511. Although the agreement to transport *Casey* was collateral to the agreement for wages, it was no less material or binding. It is true that he usually rode in a vehicle owned by the county, but there was no agreement that this should be the sole mode of transportation, and in fact, as the evidence shows, it was not the exclusive mode. We do not regard it as important that Van Hise was not paid in money for the use of his car. He was paid in gasoline and oil, without a supply of which the ordinary automobile is of little use. He made free use of the gasoline and oil owned by the county, and was evidently satisfied with the arrangement by which his car could be used by the county in a reasonable manner when the occasion required. Although the county did not own the car, it was an instrumentality used by it in its business and designated to be used on this occasion for carrying out the agreement with the claimant. Although the county was not literally in control of the car when the accident occurred, it did control and exercise the choice of the vehicle to be used. From a legal point of view the liability is the same as if the claimant had been injured while riding in the car generally used for the purpose. If after his day's work was done the claimant had chosen to ride in the car of some passer-by or a public conveyance having no connection with the county, quite a different question might be raised as to whether at the time of the accident he was performing service growing out of or incidental to his employment. But when the applicant was riding from his place of work to his home in a vehicle which under his contract for transportation was provided for him by his employer, and designated as the one to be used, he was riding as an employee of the county, and the danger was incidental to his employment. *Dominguez v. Pendola,* 46 Cal. App. 220, 188 Pac. 1025; *Milwaukee v.*

*Althoff,* 156 Wis. 68, 145 N. W. 238; *Milwaukee v. Fera,*
170 Wis. 348, 174 N. W. 926; *Swanson v. Latham,* 92
Conn. 87, 101 Atl. 492; *Littler v. George A. Fuller Co.*
223 N. Y. 369, 119 N. E. 554.

*By the Court.*—Judgment affirmed.