[Civ. No. 5737.  Second Appellate District, Division One.—November 23, 1927.]

NEW YORK INDEMNITY COMPANY, Petitioner, **v.** INDUSTRIAL ACCIDENT COMMISSION and WILLIAM E. GEIGER, Jr., et al., Respondents.

E. Herbert Herlihy, Howard W. Hamner and Joseph W. Pierce for Petitioner.

G. C. Faulkner for Respondent Commission.

CONREY, P. J.—Respondent William E. Geiger, Jr., presented to the Industrial Accident Commission his application for an award of compensation for injuries received by him as an employee of Lang Transportation Company. An award was made against the insurance carrier, New York Indemnity Company, on whose petition the writ of review herein was issued.

Petitioner contends that the evidence did not justify the findings of fact, and that the commission acted in excess of its powers in this, that there is no evidence to sustain the finding that the applicant Geiger was injured while in the course of his employment.

The evidence bearing upon the issue thus presented may be summarized in a very few sentences. The transportation company as a part of its business owned a number of trucks and in the use of these trucks employed truck drivers. The principal office was at Los Angeles. Prior to the twenty-fourth day of July, 1926, Mr. Geiger, although not in continuous employment of the transportation company, was on call there as an extra man to whom work was given, at a stated price per hour, on occasions when his services were needed. In July, 1926, the transportation company had several trucks in use under a contract for transportation of materials for the Associated Oil Company, at Oil Center, in Kern County. On July 23d, at Los Angeles, the manager of the transportation company, having learned that one of his drivers at Oil Center had given up his job, directed Geiger to report for work at Oil Center in order to take out a truck by 7 o'clock on the morning of July 24th. According to the testimony of Geiger, the manager, Mr. Smith, at Los Angeles, on the afternoon of July 23d, gave Geiger a letter to Mr. Faust, superintendent of Associated Oil Company, at Oil Center, saying, "Referring to your letter of July 19th, stating driver Honas had resigned, we are sending driver W. E. Geiger, who will take this vacancy." Geiger testified that Mr. Smith did not say anything to him about the method he should employ in going from Los Angeles to Oil Center, other than that it did not matter how Geiger got there just so he was there at 7 o'clock.

Acting under these instructions, Geiger left Los Angeles that night in his own automobile, and while driving northward, at a point about a mile from Newhall, his machine was hit by a truck trailer, so that Geiger was thrown out and received certain severe injuries.

We are of the opinion that the injuries received by the applicant in the described accident did not occur in the course of employment of said applicant. The right to an award is not alone founded upon the fact that the injury grew out of and was incidental to the employment, but also

upon the fact that the *service* the employee is rendering at the time of the injury grows out of and is incidental to the employment. "For instance, it is the rule that an employee going to and from his place of employment is not rendering any service, and begins to render such service only when he arrives at the place of his employment, and proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his task." (*California Cas. Indem. Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433, 435 [213 Pac. 257].) ▮ We think that the present proceeding has not been brought within any of the exceptions to the rule last above stated. The employee was not making the trip at his employer's expense, nor on his employer's time. He was not even acting under his employer's direction, except in the sense that one goes to the employer's place of business or place where work is to be done. But until the employee begins or is ready to do something which is in the nature of a rendition of service to the employer, liability for compensation does not arise. The mere act of the employee in transporting himself to the place of work, when such transportation is unaccompanied by the performance of any other errand for the employer, does not establish a condition under which the happening of an accident can be said to occur in the course of the employment. (*California Highway Com.* v. *Industrial Acc. Com.*, 61 Cal. App. 284 [214 Pac. 658]; *Eby* v. *Industrial Acc. Com.*, 75 Cal. App. 280 [242 Pac. 901].)

The award is annulled.

Houser, J., and York, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1928.

All the Justices concurred.