WESTERN FRUIT COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 16—November 10, 1931.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, and oral argument by *Mr. Naujoks.*

FOWLER, J. Under our statute, sec. 102.03, for liability to exist it is essential that "at the time of the accident the employee is performing service growing out of and incidental to his employment." It is especially provided that while going to and from work in the usual way "while on the premises of the employer," an employee shall be deemed within the statute. This implies that while so going an employee is not within the statute unless he is on the employer's premises, except the going to or from work can under the circumstances be considered as "performing service growing out of and incidental to his employment." To be an employee one must be "in the service of another under contract of hire, express or implied." Sec. 102.07 (4), Stats. It is settled in this state that under these statutory provisions an employee is entitled to compensation if injured while being transported from work pursuant to an express agreement of the employer so to transport him, made at the time of his employment. *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N. W. 657. The basis of the holding is a contract to transport. The respondents to support the award here must establish that a contract to transport exists. They claim

that the facts stated establish an implied contract to transport. If an employee is entitled to compensation while being transported from work, then the employee who is transporting him is entitled to compensation if he is injured while so engaged. So the case simmers down to the question whether, under the facts of this case, the women employees were entitled to transportation home from work under implied contract, or was the transporting done as a courtesy to the women.

The appellants claim that the company was under no legal obligation to take the women home from work; that the women had no right to be so taken; that taking them home was a mere courtesy extended to them by Rau; and that because taking them home was not a matter of right but a mere courtesy, compensation does not lie.

The respondents seek to support their claim of implied contract by urging that the transportation home was done as compensation for overtime work or for the purpose of enhancing the quality or quantity of the service done by the women through engendering a spirit of loyalty and gratitude and that it thus became a part of the women's wage or compensation. That the transporting was done for this purpose must rest on inference only. There is no evidence that it was done for such purpose. The commission did not find as fact that the transportation was so done. They say "The manager could make it the duty" of the company to convey employees for these reasons, but they do not say that he did make it such duty, nor do they say that the transportation was in fact done for these reasons. The commission took the view that taking the women home from work was a custom and that the custom created an implied contract to take them home. The facts of the case are undisputed. The obligation of the company to take the women home, if it existed, is a conclusion of law from these facts, so that the conclusion of the commission is not binding upon the court as it would be

if it were one of fact.  *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194; *Mead Bros. v. State Industrial Comm.* 144 Okla. 279, 291 Pac. 571.

There are cases awarding compensation wherein there was no express contract for transportation when the employee was injured while being transported from or to work in a vehicle furnished by the employer for that purpose.  The leading American case along that line is the Massachusetts *Case of Donovan,* 217 Mass. 76, 104 N. E. 431.  The injuries involved were held to have been sustained while the employee was doing something "incidental to his employment."  In this case, however, and probably in all others to the same effect, at least in all called to our attention, the work being done was a long way from the employer's place of business and the homes of the workmen.  Transportation had to be furnished by the employer or the employee in order that the work be done.  Here the women lived within easy walking distance from their place of employment.  In *Donovan's Case, supra,* the court says that by the English cases and others—

. . . "the rule has been established . . . that the employer's liability in such cases depends upon whether the conveyance has been provided by him after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract."

In the instant case the women were certainly not required to ride home with Rau, nor was Rau's car being used at the time for the mere purpose of conveying the company's employees.  In *Van Gee v. Korts,* 252 N. Y. 241, 169 N. E. 370, it is stated in discussing the question here involved:

"In an English case under the workmen's compensation act, SANKEY, L. J., stated the rule as it exists in that country in order to bring the servant within the compensation act as

follows: 'Where the workman has not arrived at his employer's premises, or has left them, he must show that he was under an obligation to his employer to be where he was at the time of the accident.' *Anderson v. Hickman & Co. Ltd.* 21 B. W. C. C. 369 (Oct. 1928); *Donovan's Case,* 217 Mass. 76, 104 N. E. 431. When an employee, riding on his own time, chooses his own way of reaching his master's place of business, and there is no obligation on the master to carry him, the trip is not an incident of the employment, even though the master gratuitously permits him to ride in a conveyance owned by him."

In *Kowalek v. New York C. R. Co.* 229 N. Y. 489, 128 N. E. 888, it is stated:

"The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate, the employee when he enters into the process of transportation is not under the hiring or control or in the employment of the employer and is not the employee."

The instant case can be distinguished in its significant facts from any one of the cases awarding compensation to an employee injured while being transported or transporting other employees. Two cases most relied on by the respondents are *Saba v. Pioneer Contracting Co.* 103 Conn. 559, 131 Atl. 394, and *Alberta Contracting Corp. v. Santomassimo,* 107 N. J. L. 7, 150 Atl. 830, in both which the place of work was several miles from the residence of the employees and the employer's place of business and all employees rode to and from the place of work by direction of the company's foreman and with the company's knowledge and consent.

We consider that it must be held that the women employees in the instant case are not within the reason of the rule of the cases adjudging liability, and if they are not Rau was not performing service for the Fruit Company "growing out of and incidental to his employment." Were the women suing the company to recover the car fare paid by them on the occasions when Rau did not take them home, or were a

person injured by negligence of Rau on the trip home suing the company to recover damages, it seems plain that recovery could not be had, yet both would follow if a contract existed, as contended by respondents, as, if the company owed the women the duty of transporting them home, it would be liable to them for breach of that duty and would be liable for the negligence of Rau as its agent in performing that duty. It cannot be inferred that either such result was contemplated by the parties.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment vacating the award of the Industrial Commission.