[Civ. No. 8435. First Appellate District, Division Two.—April 28, 1932.]

FIREMAN'S FUND INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and PETE NOVAK, Respondents.

Bronson, Bronson & Slaven for Petitioner.

A. I. Townsend and Matthew A. McCullough for Respondents.

THE COURT.—Pete Novak applied to the respondent Commission to fix the amount of his compensation growing out of an injury received. A hearing was had and the Commission made an award in favor of the claimant in the sum of $131.39 against the Fireman's Fund Indemnity Company, but dismissed the application as against the employer. The indemnity company has applied to this court for a writ of review.

In the early part of August, 1931, Pete Novak started to Boulder Dam to seek employment. He stopped at Lassco and temporarily took employment under Worden & Forsythe as a laborer in constructing a railroad in the vicinity of Westwood. At the time he was employed nothing was said regarding transportation to or from Westwood. At the time he took employment the construction work was about one mile distant from Lassco. As the

work progressed the camp was moved north from Lassco. Novak continued as an employee until the evening of August 27, 1931. The next morning he quit. He went to the timekeeper and obtained a statement of his time and the amount due him. While in the timekeeper's office waiting to obtain that document he heard the engineer of the locomotive stating that one locomotive had broken down and that it was necessary for the engineer to go to Westwood to obtain some parts to repair the locomotive. Novak asked the engineer if he could ride with him and the engineer consented. The engineer was using a Chevrolet automobile that had been converted into a small truck. The automobile was the property of another laborer, but was loaned to the engineer. The engineer sat at the wheel and did the driving. The fireman sat on the front seat by the side of the engineer. Novak took a seat on the bed of the truck. There was evidence that prior to August 28th the laborers on the construction job were in the habit of riding on the locomotives as far as they ran and were then transferred to the dumping trucks and in that manner rode to their work and returned in a similar manner. Worden & Forsythe paid off at the camp at stated times, but at other times they did not maintain a paymaster at the camp. Time-slips were issued by the timekeeper and were directed to the paymaster, who was at Lassco. At the time of the accident the camp was fifteen miles distant from Lassco. Lassco was on the road to Westwood and at the latter point there was another railroad on which the claimant could be taken on his way to Boulder Dam. There is no evidence whether upon application pay checks would be forwarded from Lassco to the camp in the event that one of the employees quit work. There was evidence that when the claimant left the camp he intended to go to Boulder Dam. As the automobile truck proceeded on its way it overtook another vehicle. The driver turned to one side and accelerated his speed to pass the vehicle in front. As he did so the wheels of the truck hit a chuck-hole and the jar was such that the claimant was thrown off of the truck and broke his left collar-bone. After the accident he was put on the truck and the truck continued on its way to Lassco. At that point the claimant received a check for his pay and a card authorizing admission into the hospital at Westwood.

He was admitted to that hospital and later was sent to Greenville in Plumas County and was there placed in another hospital.

In making its award the respondent Commission made findings which, among others, found that the accident occurred to the claimant "while employed as a laborer . . . " and while so employed he "sustained injuries occurring in the course of and arising out of his employment. . . . " This petitioner claims that said findings are not sustained by the evidence. Before proceeding it should be stated there is no evidence that any person had the authority to do so or that he attempted to direct Novak to ride on the automobile truck, or that the automobile truck was an instrumentality of the employer in any respect whatsoever except as hereinabove set forth.

The respondent Commission in support of the award cites and relies on 27 California Jurisprudence, page 383, section 85, where it is said: "When transportation is furnished to convey a workman to and from the place of work, as an incident of the employment, an injury sustained by him while going or coming, in the vehicle so furnished by the employer and under his control, arises out of and in the course of the employment. But when transportation is not furnished as a necessary incident of the employment or as a requirement imposed by the nature or the location of the work, and the use of transportation on the part of the employee is entirely voluntary and optional and bears no relation to the contract of employment, the dangers involved are not risks of the employment, and therefore an injury incurred while using means of transportation is not compensable." Continuing, the respondent Commission argues "that the nature and location of the work in the case at bar necessarily implies that the furnishing of transportation by the employer was incidental to the employment. Surely the workman could not be expected on hiring out or quitting to walk a matter of fifteen miles to the company camp or nearest town." In reply, the insurance carrier asserts that in the instant case the employer did not furnish any transportation, but that the engineer did and that the transportation as furnished was not incidental to the employment or in any way connected therewith.

The respondent Commission makes the claim frequently that the claimant's acts were "necessary"; but it does not quote any evidence to support those claims. There is no evidence that, if requested, the employers would not have furnished within a reasonable time and in a reasonable manner transportation to Lassco or perhaps to Westwood. But they were not requested to do so. There is no evidence that the pay check would not on request have been forwarded from Lassco or that the request was made. There is evidence that the claimant took the transportation which he did entirely of his own volition and not on the request of his employers or with their knowledge or consent. It is essential to the power to make an award and the burden is upon an applicant for compensation to show not only that the injury arose out of but also that it occurred within the course of the employee's employment. (27 Cal. Jur., p. 341.) On August 28, 1931, by mutual consent and acting on the request of the claimant the contract of employment was terminated. After that moment the employers did not have, and did not attempt to exercise, any power of direction or control over the activities or movements of the claimant. There is no claim that after that moment the claimant directly did anything in furtherance of the master's business; but the sole claim is that some of his acts were incidental thereto. If so the claimant should have known the facts; the burden rested on him to bring himself within any exception to the general rule. He failed to do so and he was not entitled to compensation. Awards in favor of the claimant were annulled in *Parker* v. *Pont*, 105 L. T. 493, *Enterprise Foundry Co.* v. *Industrial Acc. Com.*, 206 Cal. 562 [275 Pac. 432], *London, G. & A. Co.* v. *Industrial Acc. Com.*, 190 Cal. 587 [213 Pac. 977], *New York Indem. Co.* v. *Industrial Acc. Com.*, 87 Cal. App. 105 [261 Pac. 1106], and *Highway Com.* v. *Industrial Acc. Com.*, 61 Cal. App. 284 [214 Pac. 658]. Yet in each of those cases the facts were more favorable to the claimant than in the instant case.

The respondents cite and rely on *Hackley-Phelps-Bonnell Co.* v. *Industrial Com.*, 165 Wis. 586 [L. R. A. 1918A, 277, 162 N. W. 921]. In that case it was decided that where a logging employee was engaged in Chicago, sent to Phelps, Wisconsin,

and there sent on to the logging camp and required to return to Phelps for his pay, and was injured while riding on the employer's logging train, as was the custom of the employees . to do, to Phelps, for his pay, after having told the foreman that he would take a few days' lay-off, his employment had not terminated and the employer was liable for his injuries. Based on the distinction that the transportation was furnished by the master and/or that the contract had not been terminated there are many similar rulings. (*Dominguez* v. *Pendola,* 46 Cal. App. 220 [188 Pac. 1025]; *Rock County* v. *Industrial Com.,* 185 Wis. 134 [200 N. W. 657]; *Lamm* v. *Silver Falls Timber Co.,* 133 Or. 468 [277 Pac. 91, 286 Pac. 527; 291 Pac. 375]; *Lowry* v. *Sheffield Coal Co.,* 1 B. W. C. C. 1; *Nelson* v. *Belfast Corporation,* 1 B. W. C. C. 158.) But where, as here, there was no contract for transportation and the relation of master and servant had been terminated, and the claimant was merely proceeding to get his pay or on some other personal errand, and the accident did not occur on the master's premises, the rule is otherwise. (*Royalty Indemnity Co.* v. *Madrigal,* (Tex. Civ. App.) 14 S. W. (2d) 106; *Ames* v. *New York Cent. R. Co.,* 165 N. Y. Supp. 84; *Pierson* v. *Interborough Rapid Transit Co.,* 184 App. Div. 678 [172 N. Y. Supp. 492].) In the case last cited, at page 495 the court said: "In view of this opinion, I do not see how it is possible to hold that this accident was within the purview of the act (Workmen's Compensation Act); for this workman was off duty, was on his way to his dentist, and did not have to report back for duty for two hours. The injury was therefore not received while he was doing the duty he was employed to perform nor was it a natural incident of the work." However, it will be noted that in that case, as in this case, the claimant was traveling on two errands, one of which was to collect his pay and furthermore that he was traveling on a conveyance operated by the employer, but not under the terms of the contract.

▮ In the petition for a rehearing the respondents made the claim that the accident happened while the claimant was leaving, but while he was still on the master's premises, and they cite *Makins* v. *Industrial Acc. Com.,* 198 Cal. 698 [49 A. L. R. 411, 247 Pac. 202]. To apply that rule to the facts of this case is to expand the elements of space and of time

to unlimited bounds and thus transcend the provisions of the Workmen's Compensation Act.

The award is annulled.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1932, and the opinion was modified to read as above; and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1932.