GITHENS, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 7—March 3, 1936.*

For the appellant there was a brief by *August C. Moeller,* attorney, and *Emmet Horan, Jr.,* of counsel, both of Milwaukee, and oral argument by *Mr. Horan.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Home Insulation Company of Milwaukee and Lumbermen's Mutual Casualty Company there was

a brief by *John L. Schlatterer,* attorney, and *M. T. Lee* of counsel, both of Milwaukee, and oral argument by *Mr. Lee.*

MARTIN, J.  The statute, sec. 102.03, provides in part:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur: . . .
"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment.  Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment. . . ."

The appellant contends that at the time of the accident he was performing services growing out of and incidental to his employment because he was in the act of completing a trip in his automobile as an outside worker, which work had commenced earlier in the day; that the continuity of this trip was not broken by going to his home for the evening meal. In other words, that the afternoon trip continued until he had reached the company office to keep the appointment which he had made there for 7:15 p. m.

On the afternoon of the accident the appellant used his car in going to the places where he made inspections.  It is conceded that the inspection work was completed at about 6:30 p. m.  The appellant then went to his home.  It is further conceded that when appellant left his home, he intended going directly to the office to attend to general office work, to rearrange certain desks at the office, and to prepare certain records for workmen for the following day.  He testified, in part, as follows:

"*Q.* In returning to the office on November 8, after you had had your supper, were you going to make any inspection work?  *A.* Not in the office.  No, sir.  Inspection work is outside.  Just general office work.  Get prepared for the next day's layout of work and rearrange some things in the office.

"*Q.* You were going to do office work? *A.* Well, it is office work in preparing your records or your specifications or orders for workmen for the next day and laying them out.

"*Q.* You weren't going to do any outside work? *A.* No, sir. In the dark we can't. That's why we do office work at night. We quite frequently go back in the evening when we are busy."

Appellant's counsel contends that the instant case is controlled by the decision in *Schmiedeke v. Four Wheel Drive Auto Co.* 192 Wis. 574, 578, 579, 213 N. W. 292. The facts in that case are clearly distinguishable from those in the instant case. There, a traveling salesman was injured while returning to his employer's home office in response to instructions from his employer. In that case the injured employee was at work while returning to the office. It wasn't a case of going to and from work. At page 578 the court said:

". . . In obedience to the employer's instructions he was to be at the office in Clintonville Monday morning. . . . It seems apparent that, whenever the trip was undertaken, he was clearly within the scope of his master's employment while on his return. The trip for the week was an entity. It included going and coming. Even though at times during the week he departed from the scope of his employment, upon his return trip to Clintonville for the purpose of reporting to the office pursuant to his instructions he was again within the scope of his employment."

To the same effect, see *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* 212 Wis. 507, 250 N. W. 396; *Racine County v. Industrial Comm.* 210 Wis. 315, 246 N. W. 303.

If, after his evening meal, the appellant resumed inspection work before going to the office, and while so engaged the accident occurred, he would then be in the course of his employment and entitled to the protection of the Workmen's Compensation Act. But that isn't the case as presented here

on the undisputed facts. There is no showing of any obligation on the part of the employer to transport appellant to and from work. The employer owed him no duty to take him from his home to the office, and in traveling from his home to his office appellant was in the same situation as any other employee while on his way from his home to the place of employment.

In *Western Fruit Co. v. Industrial Comm.* 206 Wis. 125, 127, 238 N. W. 854, the court said:

"Under our statute, sec. 102.03, for liability to exist it is essential that 'at the time of the accident the employee is performing service growing out of and incidental to his employment.' It is especially provided that while going to and from work in the usual way 'while on the premises of the employer,' an employee shall be deemed within the statute. This implies that while so going an employee is not within the statute unless he is on the employer's premises, except the going to or from work can under the circumstances be considered as 'performing services growing out of and incidental to his employment.' "

If the employer be under obligation to transport an employee to and from work, the employee is entitled to compensation if injured while being so transported. *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N. W. 657; *Western Fruit Co. v. Industrial Comm., supra; Ohrmund v. Industrial Comm.* 211 Wis. 153, 246 N. W. 589; *Goldsworthy v. Industrial Comm.* 212 Wis. 544, 250 N. W. 427. However, this rule applies only where the duty to transport exists. In the instant case, there is no showing of any obligation on the part of the employer to transport appellant to and from work.

In *Ohrmund v. Industrial Comm., supra,* the employer requested his employee to return to work on his afternoon off. The employer gave his car to the employee for the purpose of enabling him to go home for dinner so he could hurry back to work. While returning from dinner, the employee

was injured. The Industrial Commission made an award in favor of the employee for compensation. The circuit court affirmed such award. In reversing the judgment, with directions to set aside the award, this court said:

"It is difficult to imagine what services the employee rendered to his employer in going to his home for this meal. During that period he was on his own time. He was subject to no control while away, he performed no act which in the slightest degree advanced his employer's interest. In hurrying back he was not rendering a service, he was returning to a place where he was required to present himself for the purpose of future service."

The facts here were more favorable to the claimant than in the case at bar. To the same effect, see *Geldnich v. Burg,* 202 Wis. 209, 231 N. W. 624, and cases there cited.

Appellant's counsel contends that, by reason of the arrangement which existed in the instant case, that is, the allowance to appellant for gas and oil for his car while on outside work, the employer assumed the duty to a limited extent of providing transportation for the appellant from his home to his place of employment. In support of such contention he cites *Rock County v. Industrial Comm., supra; Voehl v. Indemnity Ins. Co. of North America,* 288 U. S. 162, 53 Sup. Ct. 380, 77 L. Ed. 676. Neither case is in point. In the *Rock County Case* there was an agreement to transport the county employee to and from work. The truck ordinarily took the men who did not have cars of their own to and from Janesville. On the night in question, the truck had gone into the city and would not return that evening. The truck having left, the applicant was requested to ride into the city with one Van Hise, who was also a county employee, who used his own car in going to and from his work. It appears that the foreman on the job requested Van Hise to take the applicant with him to Janesville. It further appears that he was accustomed to do similar services for the

county under just such circumstances, and for such use of his car the county supplied gasoline and oil in excess of that needed by Van Hise for making the journeys undertaken for the county at its request. On the way to Janesville, on the evening in question, Van Hise lost control of his car and it struck a telephone pole, causing injuries to the applicant. At page 139 the court said:

"Although the county did not own the car, it was an instrumentality used by it in its business and designated to be used on this occasion for carrying out the agreement with the claimant. Although the county was not literally in control of the car when the accident occurred, it did control and exercise the choice of the vehicle to be used. From a legal point of view the liability is the same as if the claimant had been injured while riding in the car generally used for the purpose. If after his day's work was done the claimant had chosen to ride in the car of some passer-by or a public conveyance having no connection with the county, quite a different question might be raised as to whether at the time of the accident he was performing services growing out of or incidental to his employment. But when the applicant was riding from his place of work to his home in a vehicle which under his contract for transportation was provided for him by his employer, and designated as the one to be used, he was riding as an employee of the county, and the danger was incidental to his employment."

In *Voehl v. Indemnity Ins. Co., supra,* the employee at the time injured was working on an hourly basis which included the time from leaving home until he returned home and an allowance of five cents per mile for the use of his car while on company work. Further, the case arose under the compensation law of the District of Columbia, which does not have the provision which the Wisconsin compensation act has regarding employees going to and from work in the ordinary and usual way while on the premises of the employer. This authority does not sustain counsel's contention in the instant case.

The commission found that at the time of his injury appellant was not performing services growing out of and incidental to his employment. A question of fact is thus presented and, if supported by any credible evidence, the commission's findings are conclusive. *Barragar v. Industrial Comm.* 205 Wis. 550, 555, 238 N. W. 368; *Indrebo v. Industrial Comm.* 209 Wis. 272, 274, 243 N. W. 464; *Racine County v. Industrial Comm., supra,* at p. 317; *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 86, 258 N. W. 336.

*By the Court.*—Judgment affirmed.