VALENTINE, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*November 16—December 19, 1944.*

For the appellant there was a brief by *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner* of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

WICKHEM, J. The facts are briefly as follows: Plaintiff operated a tavern and bowling alley in Oconto Falls. Defendant, Fye, commenced some six years prior to the time of the accident to clean plaintiff's place of business. For a time he also set pins at the bowling alley. For the cleaning, defendant received $6.50 a week. He also worked at a hotel doing cleaning work and tending to the stoker for which he received $4.50 a week. He also worked at another tavern doing cleaning. He also worked for one Kadlec, washing windows and taking care of a garden. His work at plaintiff's tavern was sweeping, dusting, scrubbing, and work of like character. The nature of his work is such that he worked for various persons on the same day. There was considerable evidence to the effect that he had no specific directions as to the manner in which his work was to be done. Plaintiff furnished mop, broom, and other equipment. Defendant had a key to the place and cleaned on his own time at such hours as he chose.

Plaintiff's first contention is that defendant was an independent contractor. In view of the findings of the commission we deem this contention to be immaterial. Sec. 102.07 (8), Stats., provides:

"Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an

employer subject to this chapter or has not complied with the conditions of subsection (2) of section 102.28, shall for the purpose of this chapter be an employee of any employer under this chapter for whom he is performing service in the course of the trade, business, profession or occupation of such employer at the time of the injury."

Under this statute defendant was an employee—whether an independent contractor or not—provided he was not within the exclusions specified in this section. Since it is clear that defendant had no employees and was not himself an employer, the only question in this case is whether he maintained a separate business or held himself out to render service to the general public. The evidence sustains the commission's conclusion that while he did cleaning for several concerns and persons he did not hold himself out to the public as available for general cleaning work.

By the foregoing we do not mean to imply that upon proper evidence the commission may not hold defendant to have been an employee rather than an independent contractor—and base this upon considerations that have always distinguished the two in law. However, when the contention is that defendant is an independent contractor because of want of control by the alleged employer or other familiar factors and the commission finds present none of the excluding factors specified in sec. 102.07 (8), Stats., it may decline to find upon the proposed issue and put its award upon this section.

Plaintiff's next contention has to do with the jurisdiction of the commission. The injury occurred on October 27, 1942, and on March 17, 1943, defendant and plaintiff entered into an agreement by which plaintiff agreed to pay defendant $500 and to hire him for a ten-year period at the wages paid before the accident. This contract was filed with the commission but failed to receive its approval. These proceedings were initiated by the commission, no application having been made by defendant. At the hearing noticed at Oconto, defendant did not appear and, in fact, wrote a letter to the com-

mission stating that he did not wish the proceedings to be brought. It is contended that there being no filing of an application for compensation and no participation in the proceedings or claim made by defendant, the commission had no jurisdiction to proceed.

Sec. 102.17 (1) (a), Stats., provides:

"Upon the filing with the commission by any party in interest of any application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, it shall mail a copy of such application to all other parties in interest and the insurance carrier shall be deemed a party in interest. . . ."

Plaintiff claims that under this statute the filing of an application is a condition to jurisdiction. The statute also provides:

"102.17 (2) If the commission shall have reason to believe that the payment of compensation has not been made, it may on its own motion give notice to the parties, in the manner provided for the service of an application, of a time and place when a hearing will be had for the purpose of determining the facts. . . . Thereafter all other provisions governing proceedings on application shall attach in so far as the same may be applicable."

Defendant contends that sec. 102.17 (2), Stats., does not obviate the necessity for an application but covers a situation where compensation has already been ordered by reason of previous proceedings initiated by an application.

There is nothing in sec. 102.17 (2), Stats., to indicate that it is so limited. It provides in so many words that the commission may order hearings on its own motion if it has reason to believe that compensation has not been paid. That was the situation here. The following annotation of the workmen's compensation pamphlet for 1921, explanatory of the legislation, throws light upon its proper construction if, indeed, the section is open to construction:

"In the past the commission was without authority to initiate any proceeding for the purpose of determining the rights and liabilities of the parties. Employees have many times elected to forego their rights to the whole or part of their compensation because in order to secure such right it was necessary for them to institute a proceeding against their own employer. Other conditions made it quite as embarrassing for one or the other of the parties to start a proceeding. The end result was a failure in the particular case to have the rights and liabilities of the parties adjusted according to the law. This amendment (included in chapter 451, Laws of 1921, effective July 3, 1921) makes it possible for the commission, on its own motion, to cite the parties to appear, and upon the proofs make such findings and award as the facts warrant." (Footnote 61 on pp. 30, 31.)

It is plain to us, both from the language of the section and from the spirit and general purpose of the act, that the commission may act upon its own motion in any case where compensation has not been paid.

*By the Court.*—Judgment affirmed.