West Shore Transport Company and another, Respondents, vs. Industrial Commission and another, Appellants.*

*January 12—February 6, 1951.*

* Motion for rehearing denied, with $25 costs, on April 3, 1951.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Stroud, Stebbins, Wingert & Stroud* of Madison, and oral argument by *Byron H. Stebbins.*

BROADFOOT, J.   The commission found that at the time of his death Brasel was performing service growing out of and incidental to his employment.  The appellants' first contention is that this was a finding of fact and that there is credible evidence in the record to sustain it as such.  We do not agree.  Upon the record here we find that this was a conclusion of law and subject to review.

The commission further found that the contract of employment included furnishing · transportation to and from Brasel's home.  The appellants claim that this was a finding of fact and that there was credible evidence in the record to sustain such finding.  If so, the applicant is entitled to recover.

The law upon this point is clear.  The difficulty, as in many cases, is in the application of the law to the facts.  The rule is stated in *Githens v. Industrial Comm.* 220 Wis. 658, 662, 265 N. W. 662:

"If the employer be under obligation to transport an employee to and from work, the employee is entitled to compensation if injured while being so transported. *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N. W. 657; *Western Fruit Co. v. Industrial Comm., supra,* [206 Wis. 125, 238 N. W. 854] ; *Ohrmund v. Industrial Comm.* 211 Wis. 153,

246 N. W. 589; *Goldsworthy v. Industrial Comm.* 212 Wis. 544, 250 N. W. 427. However, this rule applies only where the duty to transport exists." See also *Brown v. Industrial Comm.* 236 Wis. 569, 570, 571, 295 N. W. 695, and cases there cited.

In an examination to determine whether there is credible evidence to sustain the above finding, we find the manager of the Transport Company testified that the company furnished Brasel with this truck "for transportation to and from his home since there was no other transportation available;" that it was Brasel's "custom to use most any truck available at the time;" and that it was Brasel's "custom to use one of these trucks to go home and have it back in time for service in the morning again." He further testified that the company supplied Brasel with a truck for going back and forth, without any charge to him, and that the truck was furnished with fuel and serviced by the company without charge to him; that it was part of the agreement on which he came up to Milwaukee, "using the truck back and forth to come home;" that no particular truck was assigned to him, "he used a tractor one day, pickup truck next day, whatever happened to be available."

It appears from the record that he used one of his employer's trucks for transportation and for making emergency calls from his home. It also appears that he carried his personal tools used in repairing vehicles in the truck and that they were in the truck at the time of his death. This is credible evidence sufficient in amount to sustain the commission's finding of fact that the employer furnished Brasel transportation as part of his contract of employment. This finding in turn supports the conclusion of law of the commission that at the time of his injury Harvey R. Brasel was performing service growing out of and incidental to his employment.

481

Other contentions were raised but they become immaterial in view of our determination expressed above. That determination requires a reversal of the judgment appealed from.

*By the Court.*—The judgment appealed from is reversed and cause remanded with directions to the trial court to dismiss the complaint of the plaintiffs.