MILWAUKEE COUNTY, Respondent, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Appellant: PAJOT, Defendant.

*No. 133. Argued October 5, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 513.)

The cause was submitted for the appellant Department of Industry, Labor & Human Relations on the brief of *Robert W. Warren,* attorney general, and *Gordon Samuelsen* and *Donald P. Johns,* assistant attorneys general, and

for the respondent on the brief of *Robert P. Russell,* corporation counsel, and *Joseph J. Esser,* assistant corporation counsel.

HALLOWS, C. J. On June 6, 1964, Pajot sustained a compensable accidental injury to his right knee while employed as an ambulance driver for Milwaukee County. Milwaukee County acknowledged temporary total disability and paid Pajot his full salary from June 7, 1964, to May 24, 1965, in lieu of a lesser amount of workmen's compensation. On December 2, 1965, Pajot filed an application for workmen's compensation benefits for permanent partial disability. A hearing was scheduled for June 2, 1966, adjourned to July 7, 1966, and ultimately held on October 18, 1967. In the meantime, the attorneys attempted to compromise the claim but were unable to agree and the matter was set for formal hearing.

The examiner found the injury caused permanent partial disability of five percent of permanent total disability. An award of $5,336.44 was made, which was promptly paid by Milwaukee County to Pajot. Under date of November 28, 1967, the examiner, by letter, requested Milwaukee County to pay $533.64 increased compensation because he believed no valid dispute in the medical reports existed and Pajot had been required to hire an attorney to recover what Milwaukee County should have paid voluntarily. This view was not acceptable to Milwaukee County and on January 23, 1968, a hearing was held to determine whether Milwaukee County was liable for 10 percent additional compensation pursuant to sec. 102.22, Stats.,[1] for inexcusable delay in

---

[1] "102.22 **Penalty for delayed payments.** If the sum ordered by the commission to be paid shall not be paid when due, such sum shall bear interest at the rate of 6 per cent per annum. The state of Wisconsin shall be liable for such interest on awards issued against it under this chapter. The commission shall have jurisdiction to issue award for payment of such interest at any time

making compensation payments to Pajot prior to the award. The examiner found the delay was inexcusable. This finding and order was affirmed by the Department and Milwaukee County instituted an action in the circuit court for Dane county to review the Department's findings and order.

The circuit court did not reach the issue of inexcusable delay although in its decision it observed a bona fide dispute existed as to how much of the alleged disability resulted from a pre-existing condition. The circuit court held the Department was without power under sec. 102.22, Stats., to make a finding of inexcusable delay by an employer in making compensation payments prior to an order for their payment by the Department and a judgment was entered reversing the award of the Department for increased compensation. The Department appeals from this judgment.

The trial court considered sec. 102.22, Stats., plainly indicated there could be no delay in making payments until the Department ordered the payments. It reasoned that increased compensation (sometimes called "penalty") was in the same class as interest which could only be ordered paid on a sum ordered by the Department.

We disagree. In construing this section we must ascertain the legislative intent as disclosed by the language of the statute in relation to its history, scope, context, subject matter, and the object intended to be remedied. *Scanlon v. Menasha* (1962), 16 Wis. 2d 437, 442, 114 N. W. 2d 791. The language of the statute relating to 10 per-

within one year of the date of its order or upon appeal within one year after final court determination. Where the employer or his insurer is guilty of inexcusable delay in making payments, the payments as to which such delay is found shall be increased by 10 per cent. Where such delay is chargeable to the employer and not to the insurer s. 102.62 shall be applicable and the relative liability of the parties shall be fixed and discharged as therein provided."

cent increased compensation differentiates compensation from interest. The first sentence of the section relating to interest refers to "the sum ordered by the commission" and the second sentence relates to interest "on awards." The sentence relating to inexcusable delay refers not to any award or a sum ordered but to delay "in making payments." The word "payments" is not modified by the phrase "ordered by the commission." We find no merit in the argument based upon the sequence of the sentences.

In examination of the history of the statute, reference may be made to annotations of workmen's compensation pamphlets which are explanatory of the legislation. *See Valentine v. Industrial Comm.* (1944), 246 Wis. 297, 300, 16 N. W. 2d 804. In 1917, the year in which sec. 102.22, Stats., was enacted, the annotation in the Workmen's Compensation Act Pamphlet, p. 29, stated the purpose of interest and of additional compensation was to provide an adequate means for eliminating inexcusable delays by employers in making interim payments.[2] While such an interpretation by the Department is not binding upon this court, we give such interpretation great weight in our consideration. *Mednis v. Industrial Comm.* (1965), 27 Wis. 2d 439, 444, 134 N. W. 2d 416; *Milwaukee v. Wis-*

---

[2] "This section is new. It has the purpose of making certain that the interest rate upon awards is six percent and of providing some adequate means for eliminating inexcusable delays in making interim payments, and reimbursing the injured employe for the consequences of such delay.

"It is a common practice among certain employers and insurers to make the payment of compensation benefits, as to which there is no dispute, conditional upon the injured employe executing a release of his right to claim further benefits as to which there is dispute. It is not considered fair to withhold from an injured man the money that is his, just because he refuses to sign away a right to make claim for other moneys in legitimate dispute. It was thought that the imposition of a ten percent penalty would soon discourage such and similar practices."

*consin Employment Relations Comm.* (1969), 43 Wis. 2d 596, 601, 168 N. W. 2d 809.

We do not consider applicable the recent amendment of the statute,[3] which has rearranged the sequence and separated in paragraphs the sentences referring to interest and increased compensation. The note to this amendment states it does not change the meaning of the statute but merely rearranges the sentences to clarify the legislative intent. *See* Note following sec. 8, 1969 Senate Bill 344. What this note means is the drafter did not intend to change any meaning but we note this bill was in the legislature after the circuit court's decision was rendered. If the circuit court was correct, the legislative note would be incorrect in its interpretation of what the amendment was intended to do.

The view that the Department has the power to order increased compensation for failure of an employer to make payments prior to an award promotes the purpose of the Workmen's Compensation Act. Under that act an employee is automatically entitled to compensation payments when he suffers a personal injury arising out of and in the course of his employment irrespective of negligence or fault of the employer. Normally, these pay-

---

[3] Sec. 102.22, Stats., as amended by sec. 8, ch. 341, Laws of 1969, effective February 1, 1970, reads:

"(1) Where the employer or his insurer is guilty of inexcusable delay in making payments, the payments as to which such delay is found shall be increased by 10%. Where such delay is chargeable to the employer and not to the insurer s. 102.62 shall be applicable and the relative liability of the parties shall be fixed and discharged as therein provided.

"(2) If the sum ordered by the department to be paid is not paid when due, such sum shall bear interest at the rate of 6% per annum. The state shall be liable for such interest on awards issued against it under this chapter. The department shall have jurisdiction to issue award for payment of such interest at any time within one year of the date of its order or upon appeal within one year after final court determination."

ments should be made automatically without litigation and in fact most payments are so made.[4] This principle is embodied in sec. 102.43, Stats., which provides compensation payments become due commencing the fourth calendar day after the employee leaves work. The principle of expeditious payments of compensation was approved in *McCune v. Industrial Comm.* (1952), 260 Wis. 499, 502, 50 N. W. 2d 683. From the language of the section, its history, and its purpose, we hold the legislature intended the Department to have power to order increased compensation on payments which should have been made without and prior to an award for such payments.

However, the Department was in error in finding there was inexcusable delay in making the payments of permanent disability prior to being ordered to do so. Milwaukee County refused to pay voluntarily compensation for permanent partial disability on the ground Pajot had in 1950 fractured a vertebra in his back and this contributed to the permanent disability. The medical reports showed the 1964 accident to his right knee caused a change of gait which affected his back and caused a weakness in his left knee. As a result, a laminectomy was necessary and this surgery resulted in a five percent permanent disability of his body as a whole. The Department took the position that Milwaukee County had medical reports both of which stated five percent permanent disability was due to the 1950 accident and Milwaukee County should have accepted these reports. We think Milwaukee County acted in good faith and was justified in not paying permanent disability until the extent of the permanent disability caused by the 1964 accident was determined by the Department.

[4] Where there is a dispute as to an employee's claim, secs. 102.14 through 102.18, Stats., and 4 Wis. Adm. Code, ch. IND 80, October, 1965, Register No. 118, govern the procedure for the resolution of these disputes. Less than five percent of some 40,000 injuries reported annually require hearings and awards.

The Department argues its determination of inexcusable delay was one of fact and therefore beyond the scope of appellate review, relying on *Briggs & Stratton Corp. v. ILHR Department* (1969), 43 Wis. 2d 398, 168 N. W. 2d 817, and *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 56 N. W. 2d 525. True, the Department has leeway in determining and drawing inferences from the conflicting evidentiary facts. The function of fact-finding also includes the drawing of inferences of fact from undisputed evidentiary facts and such resulting facts were designated in *Gant* as ultimate facts. However, the same scope of freedom of determination in the fact-finding process does not exist in the determination of questions of law and the two processes should not be confused. The application of the law to the facts is a conclusion of law. *Fels v. Industrial Comm.* (1955), 269 Wis. 294, 69 N. W. 2d 225; *West Shore Transport Co. v. Industrial Comm.* (1951), 258 Wis. 477, 46 N. W. 2d 203; *Radtke Brothers & Korsch Co. v. Rutzinski* (1921), 174 Wis. 212, 183 N. W. 168.

When expertise of an administrative agency plays a part in either the determination of findings of fact or conclusions of law, it is given weight but is not controlling. Here, no expertise is needed to conclude as a question of law whether the undisputed facts amount to inexcusable delay in making compensation payments. What constitutes inexcusable delay is a question of law. Inexcusable delay means without a bona fide justification or motivation. This is not to be determined by hindsight but by a realistic appraisal of the facts at the time of the alleged delay.

The agency contends Milwaukee County could have separated the elements of the claim for permanent disability and paid those elements which were undisputed and reserved the disputed element. We think this is cutting the bread too thin. The claim was permanent disability which involved the effects of a prior injury and the

aggravation thereof by a second injury to a related part of the body. The award made related only to the percentage of permanent disability of the body as a whole and is not broken down into disputed and undisputed elements. This is not a case of an employer refusing to pay what is apparent until a bargain can be made on the doubtful part of the claim. What is so apparent to the department was not so apparent to the employer. We cannot hold as a matter of law that an employer must pay on every doctor's report if he in good faith disputes such report and the employer should not be penalized because ultimately he finds himself on the losing end of a legitimate controversy.

Thus we come out with the same result as the circuit court, that Milwaukee County is not required to pay increased compensation although for a different reason and therefore judgment should be affirmed.

*By the Court.*—Judgment affirmed.