BEVERLY ENTERPRISES, INC. d/b/a Glenfield Health Care Center, Plaintiff-Appellant,

v.

WISCONSIN LABOR AND INDUSTRY REVIEW COMMISSION and Betty J. Lewis-Jones, Defendants-Respondents.

Court of Appeals

*No. 01–0970. Submitted on briefs September 12, 2001.—Decided December 20, 2001.*

2002 WI App 23

(Also reported in 640 N.W.2d 518.)

250

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Peter L. Albrecht* and *Brandon N. Krueger* of *LaFollette, Godfrey & Kahn*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen M. Sobota*, assistant attorney general.

Before Vergeront, P.J., Deininger and Lundsten, JJ.

¶ 1. VERGERONT, P.J.   Beverly Enterprises, Inc., appeals the circuit court's order affirming a decision and order of the Labor and Industry Review Commission. LIRC ordered Beverly Enterprises to pay Betty Lewis-Jones $10,097.30, a portion of a sum that LIRC had previously ordered Beverly Enterprises to pay her under WIS. STAT. § 102.35(3) (1997–98) for wrongful refusal to rehire. Beverly Enterprises had withheld $10,097.30 as taxes from the sum previously ordered. LIRC's decision in this case also imposed penalties on Beverly Enterprises for bad faith, inexcusable delay, interest, and attorney's fees under WIS. STAT. §§ 102.18(1)(bp) and 102.22(1), (2) and (3) (1999–2000).[1] Beverly Enterprises contends that LIRC's position that awards under § 102.35(3) are not

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

taxable under 26 U.S.C. § 104(a)(1) is in error and, therefore, the company could lawfully withhold an amount from the sum it was ordered to pay Lewis-Jones. Alternatively, Beverly Enterprises contends that even if LIRC's interpretation of those statutes is correct, its own interpretation to the contrary is reasonable, and the reasonableness of its own position precludes a determination of bad faith and inexcusable delay.

¶ 2.    We conclude that LIRC properly ordered Beverly Enterprises to pay Lewis-Jones $10,097.30 because LIRC's prior order, never reversed or modified, did not authorize Beverly Enterprises to pay Lewis-Jones any less than the entire sum ordered. We also conclude that LIRC's determinations that Beverly Enterprises acted in bad faith and inexcusably delayed payment are reasonable. Therefore we affirm.

## BACKGROUND

¶ 3.    In March 1997, an administrative law judge (ALJ) for the Worker's Compensation Division found Beverly Enterprises had violated WIS. STAT. § 102.35(3) (1997–98)[2] by unreasonably refusing to rehire Betty Lewis-Jones, who had been off work due to a work-related injury. The ALJ ordered Beverly Enterprises to pay $31,903 to Lewis-Jones within twenty-one days, as

---

[2] WISCONSIN STAT. § 102.35(3) (1997–98) provides:

(3) Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages. In determining the availability of suitable employment the continuance in business of the employer shall be considered and any written rules promulgated by the

well as additional amounts to her attorney for his fees and costs. Beverly Enterprises filed a petition for review with LIRC, and LIRC affirmed the ALJ's findings and order. Beverly Enterprises appealed LIRC's decision in the circuit court and, in November 1998, the circuit court affirmed LIRC's decision. At no time—before the ALJ, LIRC, or the circuit court—did Beverly Enterprises raise the issue of whether it was authorized to withhold taxes from the amount it was ordered to pay Lewis-Jones under § 102.35(3).

¶ 4.   Beverly Enterprises did not appeal the circuit court's decision. Shortly after that decision, Beverly Enterprises tendered a check to Lewis-Jones for $21,805.70. On inquiry by Lewis-Jones's attorney, Beverly Enterprises explained that it had deducted $10,097.30 as tax withholding. Lewis-Jones's attorney informed Beverly Enterprises of a prior LIRC decision, *Lancour v. Meurer Bakeries*, WC Claim No. 84–54115 (LIRC Nov. 20, 1990), which held that an award under WIS. STAT. § 102.35(3) is not subject to federal taxation. In response, Beverly Enterprises retendered a check for $21,805.70 with a response that "[w]e believe that, to the extent this is true, the position taken by . . . [LIRC] is inconsistent with federal law and that a good faith argument exists for the modification or revision of . . . [LIRC's] position on this issue."

¶ 5.   Lewis-Jones petitioned the Worker's Compensation Division for a hearing, and a hearing was scheduled on the issues of Beverly Enterprises' bad faith in refusing to pay the $10,097.30 under WIS.

employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall govern.

STAT. § 102.18(1)(bp);[3] a 10% increase in compensation for inexcusable delay in payment under WIS. STAT. § 102.22(1);[4] and interest under § 102.22(2) and (3).[5] The parties stipulated to the facts and presented briefs on their legal positions.

---

[3] WISCONSIN STAT. § 102.18(1)(bp) provides:

The department may include a penalty in an award to an employee if it determines that the employer's or insurance carrier's suspension of, termination of or failure to make payments or failure to report injury resulted from malice or bad faith. This penalty is the exclusive remedy against an employer or insurance carrier for malice or bad faith. The department may award an amount which it considers just, not to exceed the lesser of 200% of total compensation due or $15,000. . . . The department may, by rule, define actions which demonstrate malice or bad faith.

[4] WISCONSIN STAT. § 102.22(1) provides in part:

**Penalty for delayed payments; interest. (1)** . . . . If the employer . . . inexcusably delays for any length of time in making any other payment that is due an injured employee, the payments as to which the delay is found may be increased by 10%. . . .

[5] WISCONSIN STAT. § 102.22(2) and (3) provide:

**(2)** If the sum ordered by the department to be paid is not paid when due, that sum shall bear interest at the rate of 10% per year. . . . The department has jurisdiction to issue award for payment of such interest at any time within one year of the date of its order, or upon appeal after final court determination. Such interest becomes due from the date the examiner's order becomes final or from the date of a decision by the labor and industry review commission, whichever is later.

**(3)** If upon petition for review the commission affirms an examiner's order, interest at the rate of 7% per year on the amount ordered by the examiner shall be due for the period beginning on the 21st day after the date of the examiner's order and ending on the date paid under the commissioner's decision. If upon petition for judicial review under s. 102.23 the court affirms the commission's decision, interest at the rate of 7% per year on the

256

¶ 6.   The ALJ concluded that Beverly Enterprises had acted in bad faith and, in addition to ordering the company to pay Lewis-Jones the $10,097.30, the ALJ awarded the maximum penalty under Wis. Stat. § 102.18(1)(bp)—$15,000. The ALJ first determined that Beverly Enterprises did not have a reasonable basis for not paying the full amount ordered because:   Beverly Enterprises had not provided applicable legal authority for its interpretation of the federal tax statute; LIRC had made its position very clear in *Lancour*; the wording of the order in this case unambiguously ordered that Beverly Enterprises was to pay $31,903 to Lewis-Jones, not $31,903 less withholding taxes; and Beverly Enterprises had had the opportunity to assert its position on withholding taxes in its appeal to LIRC and in the circuit court, but had not done so. The ALJ next determined that Beverly Enterprises had knowledge of the lack of a reasonable basis for failing to pay Lewis-Jones the full amount ordered because it was informed on multiple occasions in January and February 1999 by Lewis-Jones's attorney of the division's and LIRC's policy that benefits payable under Wis. Stat. § 102.35(3) are not taxable, and Beverly Enterprises disregarded that information and reissued the check in the reduced amount.

¶ 7.   For the same reasons, the ALJ concluded that Beverly Enterprises had not established that its failure to pay the $10,097.30 was reasonable or excusable. Therefore, the ALJ ruled, Beverly Enterprises had violated Wis. Stat. § 102.22(1). The ALJ awarded 10% of the amount withheld as increased compensation. In addition, the ALJ awarded interest under § 102.22(2)

amount ordered by the examiner shall be due up to the date of the commission's decision, and thereafter interest shall be computed under sub. (2).

257

and (3) on the $21,805.70 up to the date of its payment on February 5, 1999; the interest on the $10,097.30 was not set but was to continue to accrue until that sum was paid.[6]

¶ 8.    Beverly Enterprises petitioned LIRC for review of the ALJ's decision. LIRC agreed with the ALJ's findings of fact and conclusions of law. The focus of LIRC's memorandum decision was its conclusion that, if Beverly Enterprises believed it had a right to withhold taxes from the $31,903, it should have appealed the amount of the award. Since Beverly Enterprises did not do that, LIRC concluded, its decision to withhold taxes knowing LIRC's position on the issue constituted bad faith and inexcusable delay.

¶ 9.    Beverly Enterprises sought review in the circuit court of LIRC's decision, and the circuit court affirmed.

## DISCUSSION

¶ 10.    We first address Beverly Enterprises' challenge to LIRC's order that it pay Lewis-Jones the $10,097.30 it withheld for taxes. Beverly Enterprises contends that the dispositive issue in resolving this challenge is the proper interpretation of 26 U.S.C. § 104(a)(1), which exempts from taxable income "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." According to Beverly Enterprises, because the award under WIS. STAT. § 102.35(3) was for its failure to rehire

---

[6] The ALJ ordered that portions of these awards be paid to Lewis-Jones's attorney, with the result that Beverly Enterprises was ordered to pay Lewis-Jones $12,000 of the bad faith penalty, $807.78 of the additional 10%, and $3,360.71 in interest.

Lewis-Jones, that award was not exempt from taxation under the plain language of the federal statute. Beverly Enterprises acknowledges that LIRC has previously rejected this argument in *Lancour*, but it contends that decision is erroneous.

¶ 11.  We do not agree with Beverly Enterprises that we should begin our analysis by deciding if LIRC's interpretation of 26 U.S.C. § 104(a)(1) in *Lancour* was correct. The basis for LIRC's decision that Beverly Enterprises owed Lewis-Jones $10,097.30 was not a rejection of the merits of the company's interpretation of the federal statute. Rather, the basis was LIRC's interpretation of its prior order that Beverly Enterprises pay $31,903 to Lewis-Jones:  LIRC concluded that order plainly did not authorize Beverly Enterprises to withhold an amount from that sum for taxes, and Beverly Enterprises did not obtain a modification or reversal of that order. The proper issue, therefore, is whether LIRC's construction of its prior order is correct.[7]

██

¶ 12.  The parties have not briefed the standard of review for this issue.[8] However, we conclude it is appropriate to utilize the standard of review we employ when the meaning of a trial court's written order is in

---

[7] In its brief in this court, LIRC argues that its decision is justified under the doctrines of waiver and claim preclusion. However, LIRC did not refer to either doctrine in its decision, and each doctrine requires the consideration of one or more factors that are extraneous to the decision LIRC actually made. Therefore, we do not frame the issue for our review in terms of either of these doctrines.

[8] We review LIRC's decision, not that of the trial court. *Langhus v. LIRC*, 206 Wis. 2d 494, 501, 557 N.W.2d 450 (Ct. App. 1996).

dispute. In that situation, the issue of the meaning of the order is a question of law, as is the issue whether there is an ambiguity in the order; if there is an ambiguity, we defer to the trial court's resolution of that ambiguity. *Schultz v. Schultz*, 194 Wis. 2d 799, 805–06, 807–08, 535 N.W.2d 116 (Ct. App. 1995).

■

¶ 13.  Here LIRC's prior order stated:

> That within twenty one days, respondent . . . [Beverly Enterprises] shall pay to applicant, the sum of Thirty one thousand nine hundred three dollars ($31,903); to Thomas Domer, applicant's attorney, the sum of Eight thousand eight dollars ($8,008), as attorney's fees, and the sum of One hundred twenty nine dollars ($129), as reimbursement for costs. This order pertains solely to applicant's claim for benefits under sec. 102.35(3), Stats.

We agree with LIRC that the order plainly requires Beverly Enterprises to pay the full amount of $31,903 to Lewis-Jones and does not authorize paying anything less to her for any reason. However, even if we were to conclude the order is ambiguous because it could also reasonably be read to mean that Beverly Enterprises is liable for $31,903 under Wis. Stat. § 102.35(3), but may withhold from Lewis-Jones a portion of that for taxes, we would defer to LIRC's resolution of that ambiguity. Thus, the result would be the same:   we affirm LIRC's decision that it ordered Beverly Enterprises to pay Lewis-Jones $31,903 and, since that order was never modified or reversed, Beverly Enterprises owed her $10,097.30.

¶ 14.  Beverly Enterprises argues that the issue of whether it had to withhold taxes under federal law did not arise until it was ready to pay Lewis-Jones after it failed to overturn LIRC's decision on the merits of the

violation of WIS. STAT. § 102.35(3). Therefore, Beverly Enterprises argues, it is unfair to preclude it from litigating that issue at that later time. However, this argument is simply another way of saying that LIRC's order did not require that Beverly Enterprises pay Lewis-Jones the full $31,903, and we have just explained why we reject that interpretation of LIRC's order.

¶ 15.  We next address Beverly Enterprises' challenge to LIRC's decision on bad faith. WISCONSIN STAT. § 102.18(1)(bp) provides that LIRC may assess up to 200% of compensation due to a bad faith refusal to pay worker's compensation due the employee, subject to a maximum penalty of $15,000. The test for bad faith is whether the claimant has shown:  (1) the absence of a reasonable basis for the employer's or insurer's decision to deny benefits; and (2) the employer's or insurer's knowledge or reckless disregard of a lack of a reasonable basis for denying or delaying payment. *North Am. Mech., Inc. v. LIRC*, 157 Wis. 2d 801, 807–08, 460 N.W.2d 835 (Ct. App. 1990).

¶ 16.  LIRC's findings of facts are conclusive on appeal so long as they are supported by credible and substantial evidence, and factual findings include the drawing of one of several reasonable inferences from undisputed facts. *Michels Pipeline Constr., Inc. v. LIRC*, 197 Wis. 2d 927, 931, 541 N.W.2d 241 (Ct. App. 1995). Whether a particular set of facts constitutes bad faith is a question of law. *Kimberly-Clark Corp. v. LIRC*, 138 Wis. 2d 58, 66, 405 N.W.2d 684 (Ct. App. 1987).

261

¶ 17.    Although we are not bound by an agency's conclusion of law, we may accord it deference. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 284, 548 N.W.2d 57 (1996). We give great weight deference when:

> (1) the agency was charged by the legislature with the duty of administering the statute; (2) . . . the interpretation of the agency is one of long-standing; (3) . . . the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) . . . the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Id.* We also give great weight to an agency's interpretation of a statute when it is intertwined with factual determinations or with value or policy judgments. *Kannenberg v. LIRC*, 213 Wis. 2d 373, 385, 571 N.W.2d 165 (Ct. App. 1997). We give a lesser amount of deference— due weight—when the agency has some experience in the area, but has not developed the expertise that necessarily places it in a better position than the court to make judgments regarding the interpretation of the statute. *UFE Inc.*, 201 Wis. 2d at 286.

¶ 18.    Under the great weight standard, we uphold an agency's reasonable interpretation of the statute if it is not contrary to the clear meaning of the statute, even if we conclude another interpretation is more reasonable. *Id.* at 287. Under the due weight standard, we uphold the agency's reasonable interpretation if it comports with the purpose of the statue and we conclude there is not a more reasonable interpretation. *Id.* We give no deference to the agency, and review the issue de novo, when the issue before the agency is one of first

impression or the agency's position has been so inconsistent as to provide no real guidance. *Id.* at 285.

¶ 19. Beverly Enterprises argues that we should review LIRC's decision on bad faith de novo because the only issue is the proper interpretation and application of a federal statute—26 U.S.C. § 104(a)(1)—and LIRC has no experience or expertise with respect to this statute. We disagree. Although the reasonableness of Beverly Enterprises' interpretation of that statute is a proper factor for LIRC to consider in deciding whether Beverly Enterprises acted in bad faith, we do not agree that it is the only factor. Whether Beverly Enterprises acted reasonably in not paying Lewis-Jones the full $31,903 ordered by LIRC depends on a number of other factors, such as the reasonableness of:   the company's interpretation of LIRC's order; not previously raising the issue of withholding taxes before the ALJ, LIRC, or the circuit court; and not paying Lewis-Jones the full amount even after it was informed of the *Lancour* decision.

¶ 20. We conclude that LIRC's determination whether Beverly Enterprises exercised bad faith is entitled to great weight deference. LIRC is the agency directly responsible for applying WIS. STAT. § 102.18(1)(bp) to worker's compensation disputes. It has done so in a substantial number of cases over the twenty-year history of that statute, and has consequently developed considerable expertise in applying it.[9] Deference to LIRC's interpretation and application

---

[9] WISCONSIN STAT. § 102.18(1)(bp) was enacted in 1981. Laws of 1981, ch. 92, § 14. A few of the cases in which LIRC has applied it are: *Schuh v. Conagra Grocery Prods. Co.*, WC Claim No. 1999–023346 (LIRC Sept. 28, 2001); *Janusz v. Pizza Hut*

of the bad faith standard provides uniformity and consistency in its application. Finally, the decision whether an employer has a reasonable basis for not making a payment, and whether the employer knew or recklessly disregarded the lack of a reasonable basis, is a decision very much intertwined with value and policy judgments that are properly made by LIRC. We see no reason to give a lesser degree of deference to LIRC in this case because Beverly Enterprises' rationale for withholding payment is its disagreement with LIRC's interpretation of 26 U.S.C. § 104(a)(1). Interpreting the federal tax statute requires an analysis of Wis. Stat. § 102.35(3), which LIRC is charged with administering; LIRC has interpreted 26 U.S.C. § 104(a)(1) as applied to awards under § 102.35(3) in *Lancour*, and it affirmed in the later case of *Giese v. Associated Contractors Corp.*, WC Claim No. 89–075597 (LIRC Mar. 4, 1992), that an award received under § 102.35(3) is not taxable.[10]

¶ 21. Giving great weight deference to LIRC's determination that Beverly Enterprises did not have a

*Inc. Store #503035*, WC Claim No. 1999–008591 (LIRC May 31, 2001); *Stage v. Carver Boat Corp.*, WC Claim No. 1998001441 (LIRC May 7, 2001); *Smith v. Longview Fibre Co.*, WC Claim No. 1990024253 (LIRC Oct. 29, 1998); *Starkl v. JC Penney Milwaukee Catalog*, WC Claim No. 90065879 (LIRC June 13, 1996); *Giese v. Associated Contractors Corp.*, WC Claim No. 89–075597 (LIRC Mar. 4, 1992); *Lancour v. Meurer Bakeries*, WC Claim No. 84–54115 (LIRC Nov. 20, 1990).

[10] Since it is unnecessary to this opinion, we do not decide what standard of review would be appropriate were we reviewing a LIRC decision interpreting 26 U.S.C. § 104(a)(1), rather than a decision on bad faith, nor do we decide whether LIRC's interpretation of that statute as applied to payments under Wis. Stat. § 102.35(3) is correct.

reasonable basis for not paying Lewis-Jones the $10,097.30, we conclude the determination was reasonable. LIRC could reasonably decide that it was unreasonable for Beverly Enterprises not to: (1) pay to Lewis-Jones the full amount LIRC ordered; or (2) seek a modification allowing it to withhold an amount for taxes; or (3) seek a clarification if it was unclear whether the order allowed it to withhold for taxes. Beverly Enterprises asserted no reason that it did not do one of these things other than its belief that its action complied with federal tax law, and LIRC could reasonably decide that was an inadequate explanation. LIRC could also reasonably decide that Beverly Enterprises acted unreasonably when it withheld the payment after being informed of the *Lancour* decision, simply because it did not agree with that decision, and without even then attempting to obtain a ruling authorizing withholding.[11] Finally, LIRC's determination that Beverly Enterprises' disagreement with the *Lancour* decision was not based on persuasive authority was also reasonable: although Beverly Enterprises' interpretation of the federal statute and its application to Wis. Stat. § 102.35(3) payments may be reasonable, Beverly Enterprises presented no revenue ruling regarding payments of this type under a worker's compensation

---

[11] Under Wis. Admin. Code § DWD 80.05(1) any party may apply to the Department of Workforce Development for resolution of a dispute involving matters under Wis. Stat. ch. 102 and the department will issue an order "as shall be lawful and just under the circumstances." This is what Lewis-Jones did when she sought penalties and interest. Beverly Enterprises provides no reason why it did not or could not avail itself of this procedure once the dispute developed between it and Lewis-Jones over the taxability of the award issued under Wis. Stat. § 102.35(3).

statute, no legislative history, and no controlling case authority to support its interpretation. LIRC could reasonably decide that it was therefore unreasonable for Beverly Enterprises not to follow LIRC's prior decision on the precise issue, or at least attempt to obtain a reconsideration of the issue.

¶ 22.   We also conclude that LIRC's determination under the second part of the bad faith standard is reasonable. LIRC found that after the circuit court upheld the original award, Lewis-Jones's attorney on several occasions informed Beverly Enterprises' attorney of LIRC's policy that benefits paid under Wis. Stat. § 102.35(3) are not taxable, including specifically informing him of the *Lancour* decision, but Beverly Enterprises disregarded the information and instead reissued payment to Lewis-Jones for $21,805.70. Beverly Enterprises did not seek a ruling from the IRS nor from the Department of Workforce Development. LIRC could reasonably infer from this that Beverly Enterprises either knew it did not have a reasonable basis for withholding a portion of the payment or simply did not care whether it had. Beverly Enterprises contends that, even if it did not have a reasonable basis for withholding payments, it had a good faith belief it did. However, LIRC has chosen to draw a different inference from the evidence, and, because the inference is a reasonable one, we accept it.

¶ 23.   Our review of LIRC's decision that Beverly Enterprises inexcusably delayed payment to Lewis-Jones follows a similar analysis and arrives at a similar conclusion. Under Wis. Stat. § 102.22(1), payments that the employer inexcusably delays may be increased by 10%. This provision is designed to assess a penalty in

266

the absence of an acceptable excuse. *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 625, 273 N.W.2d 220 (1979). Therefore, a penalty is not appropriate when there is a good-faith basis for not making payments.[12] *Id.* Beverly Enterprises asserts that its delay in paying the $10,097.30 is not inexcusable because its interpretation of 26 U.S.C. § 104(a)(1) constitutes a good-faith basis for not paying.

¶ 24. For the reasons we have discussed with respect to bad faith penalties under WIS. STAT. § 102.18(1)(bp), we accord great weight deference to LIRC's application of WIS. STAT. § 102.22(1) to the facts in this case.[13] *See Milwaukee County v. DILHR*, 48 Wis. 2d 392, 396, 180 N.W.2d 513 (1970). LIRC's determination that the delay in paying Lewis-Jones the $10,097.30 was inexcusable was based on the same facts and reasoning as its determination on bad faith. Because we have already concluded that LIRC's determination of bad faith was reasonable, it follows that

---

[12] On the other hand, there may be inexcusable delay without bad faith. *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 625, 273 N.W.2d 220 (1979).

[13] This section was enacted in 1917. Laws of 1917, ch. 624, § 1 (Section 2394–18m); *see also Milwaukee County v. DILHR*, 48 Wis. 2d 392, 396, 180 N.W.2d 513 (1970). In addition to the *Lancour, Janusz, Schuh, Smith, Stage,* and *Starkl* decisions cited in footnote 9, other cases in which LIRC has applied WIS. STAT. § 102.22(1) include: *Salzman v. Customized Transp. Inc.*, WC Claim No. 1999–004125 (LIRC Aug. 28, 2001); *Galvin v. Tropic Banana Co.*, WC Claim No. 1998011253 (LIRC June 3, 1999); *Peters v. Aarrow Elec. Castings*, WC Claim No. 93068348 (LIRC Nov. 25, 1996).

LIRC's determination that the delay in payment was inexcusable is also reasonable.[14]

*By the Court.*—Order affirmed.

---

[14] Beverly Enterprises also challenges LIRC's award of interest, but the premise of this challenge is that Beverly Enterprises is correct on the other issues it raises. Since we have decided all other issues against Beverly Enterprises, there is no need to separately address the issue of interest.