Cesare Bosco, Plaintiff-Respondent,

v.

Labor & Industry Review Commission, Defendant,

A.T. Polishing Company and Shelby Insurance Company, d/b/a Insura Property & Casualty Insurance Company, Defendants-Appellants.†

Court of Appeals

*No. 03–0662. Submitted on briefs June 24, 2003.—
Decided September 3, 2003.*

2003 WI App 219

(Also reported in 671 N.W.2d 331.)

† Petition to review granted 11-17-03.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Michael C. Frohman* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James A. Pitts* of *Schoone, Leuck, Kelley, Pitts & Knurr, S.C.*, Racine.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. ANDERSON, P.J. This appeal is brought under the Worker's Compensation Act; specifically at issue is the interpretation of WIS. STAT. § 102.23(5) (2001–02).[1] A.T. Polishing Company (A.T.) and Shelby Insurance Company (Shelby) appeal a circuit court order reversing the Labor & Industry Review Commission's (LIRC's) conclusion that it was reasonable under § 102.23(5) for Shelby to have delayed making payments to A.T.'s employee Cesare Bosco even though he had an undisputed permanent total disability due to occupational exposure occurring while an employee at A.T. We affirm the circuit court's reversal and its decision to remand this case for further proceedings before the Department of Workforce Development, Worker's Compensation Division.

¶ 2. *Facts.* The following facts are taken from LIRC's findings of fact. These facts are undisputed and are conclusive on appeal so long as they are supported by credible and substantial evidence (factual findings include the drawing of one of several reasonable inferences from undisputed facts). *See Beverly Enters. v. LIRC*, 2002 WI App 23, ¶ 16, 250 Wis. 2d 246, 640 N.W.2d 518.

¶ 3. This case began when Bosco filed an application with his employer, A.T., seeking compensation for pulmonary problems due to occupational exposure. The application recited that the date of injury was "occupational; 7/22/96." The insurer as of that date was Shelby. In its answer to the application, Shelby initially contested the nature and extent of disability and whether the exposure caused the disability. However, Shelby

---

[1] All references to the Wisconsin Statutes are to the 2001–02 statutes unless otherwise noted.

conceded that the occupational exposure alleged in the application actually occurred on or about the time claimed.

¶ 4. Thereafter, a hearing took place where Shelby, for the first time, disputed the 1996 date of disability. Shelby asked to amend its answer in order to change the date of disability from 1996 to 1993. The administrative law judge, Thomas J. McSweeney (ALJ), declined to permit Shelby to amend. (WISCONSIN ADMIN. CODE § DWD 80.08 permits amendments as a matter of right only until the date the hearing notice goes out.) The ALJ held Shelby liable for Bosco's permanent total disability based on a November 1996 date of disability and LIRC affirmed the ALJ by an order dated April 27, 1999.

¶ 5. Shelby appealed LIRC's decision to the circuit court. In its reply brief, Shelby specifically stated that it did not contest the finding of permanent total disability from occupational exposure, but that the issue in dispute was LIRC's legal conclusion that Bosco's last day of work in 1996 was the date of disability.

¶ 6. Ultimately, the circuit court affirmed LIRC's decision affirming the ALJ's order holding Shelby liable for Bosco's permanent total disability based on a November 1996 date of disability.

¶ 7. Bosco sought payment pending appeal under WIS. STAT. § 102.23(5), which provides:

> **(5)** The commencement of action for review shall not relieve the employer from paying compensation as directed, when such action involves only the question of liability as between the employer and one or more insurance companies or as between several insurance companies.

¶ 8. Bosco asserted that WIS. STAT. § 102.23(5) applied during judicial review of LIRC's April 1999 order because the date of disability dispute necessarily implicated the question of liability between Shelby and another insurer. That is, Bosco asserted that Shelby's argument on appeal only raised the question of liability between Shelby and some other insurer in 1993.

¶ 9. Shelby argued that WIS. STAT. § 102.23(5) contemplates the actual presence of another insurer in the action. Shelby contended that the statute should be read to contemplate a dispute between several insurers, who are parties to the action, as to which is the liable insurer. Shelby contended that the statute does not apply when one insurer unilaterally raises the issue of some unnamed insurer's liability.

¶ 10. Based on its interpretation of WIS. STAT. § 102.23(5), Shelby chose not to pay compensation during judicial review of LIRC's April 1999 order. In fact, Shelby did not pay until the supreme court denied its petition for review of our decision affirming LIRC's order.

¶ 11. Given Shelby's delay in payment, Bosco filed an Amended Application for Hearing seeking bad faith penalties under WIS. STAT. § 102.18(1)(bp) and WIS. ADMIN. CODE § DWD 80.70(2). Bosco argued that Shelby unreasonably refused to pay pending appeal as required under WIS. STAT. § 102.23(5). (Bosco did not seek a penalty under WIS. STAT. § 102.22(1) for inexcusable delay.)

¶ 12. The ALJ found that Shelby's interpretation of WIS. STAT. § 102.23(5)—that it should be read to contemplate a dispute between several insurers who are parties to the action as to which is the liable insurer and that it does not apply when one insurer unilaterally raises the issue of some unnamed insurer's liability—

was correct; he then denied Bosco's claim for bad faith. The ALJ also refused to reserve jurisdiction for any future claim for inexcusable delay under Wis. Stat. § 102.22(1). Bosco filed a petition for review with LIRC.

¶ 13. LIRC affirmed the ALJ, dismissing Bosco's bad faith claim. LIRC concluded that Wis. Stat. § 102.23(5) is susceptible to more than one reasonable reading and held that there was a "reasonable basis" for Shelby's delay. Therefore, it concluded, Shelby cannot be said to have acted in a knowing or reckless disregard.[2]

¶ 14. Thereafter, Bosco filed a complaint with the Kenosha county circuit court requesting judicial review of LIRC's decision. Bosco demanded that the findings and order of LIRC be set aside and that the circuit court award judgment in the amount of $15,000 as a bad faith penalty together with reimbursement for taxable costs and attorney's fees against Shelby and A.T.

¶ 15. After reviewing the parties' briefs, the circuit court concluded the following: that LIRC erred in its interpretation of Wis. Stat. § 102.23(5) and consequently, erred in its application of the law in the case; that its decision in the prior action between the parties

---

[2] LIRC also addressed the fact that its resolution of the case required consideration of the related, but unpleaded, issue of inexcusable delay under Wis. Stat. § 102.22(1). It held:

> Because the commission resolves that issue against [Bosco], and for the reasons of administrative economy cited by the ALJ, this order shall be final with respect to any claims arising under Wis. Stat. § 102.22(1) based on Shelby Mutual's failure to pay under Wis. Stat. § 102.23(5) as well.

> Consistent with the ALJ's decision, however, this order shall be left interlocutory to permit orders and awards for future medical expense and all possible future claims, other than the penalty claims resolved herein.

contained the explicit finding: "the ... employer's liability is not questioned"; that in the subsequent appeal, in which its decision was affirmed by the court of appeals and a petition for review was denied by the supreme court, no issue was taken with its explicit finding that the "employer's liability is not questioned"; and that, therefore; it was clear that Bosco was entitled to the payment of benefits from his employer, A.T.

¶ 16. The circuit court was not persuaded by Shelby's excuse for nonpayment, which contended that the amount and the obligor of the benefits were unknown until the outcome of the appeal. The circuit court pointed out that adjustments are an everyday feature of worker's compensation cases:

> [I]ndeed, a delay in payment on an appeal, which [Shelby] claim[ed] was justified in this case, is one such example. There is nothing at all extraordinary about such adjustments, which are obviously contemplated by the very statute in question.

¶ 17. The circuit court concluded that Shelby's appeal was in fact based on a coverage issue, despite Shelby's claim otherwise. The court stated that a review of the entire history of the controversy "demonstrate[d] unequivocally" that the appeal was part of a "tardily-conceived effort by Shelby to *escape* liability" on Bosco's claim by attempting, for the first time, on the day of the administrative hearing, to lay the loss onto another insurer. The circuit court pointed out:

> Indeed, if there were no other insurer, and I have found nothing in the record conclusively proving that there was, the loss for the conceded injury would fall squarely on the A.T. Polishing Company. That is a coverage issue, and camouflaging it as a dispute over the date of the loss does not alter that fact.

¶ 18. Finally, the circuit court found it "abundantly clear" that the purpose of the statute is to insure that injured workers will not have to wait for the outcome of a dispute between the employer and the insurer, or between multiple insurers, to begin the collection of benefits for an unchallenged injury. The circuit court determined that Shelby brought an appeal exclusively to dispute coverage with A.T. and/or "with a phantom insurer." It held that neither Shelby nor A.T. was relieved of the obligation to make the required payments.

¶ 19. The circuit court reversed LIRC's decision, holding that it erred in its interpretation of WIS. STAT. § 102.23(5) and "consequently, in its application of the law." It then remanded the case to LIRC "for a proper determination of such penalties as are authorized by law and the facts of this case." A.T. and Shelby appeal.

¶ 20. *Relevant Statutes.* WISCONSIN STAT. § 102.18(1)(bp) provides:

> The department may include a penalty in an award to an employee if it determines that the employer's or insurance carrier's suspension of, termination of or failure to make payments or failure to report injury resulted from malice or bad faith. This penalty is the exclusive remedy against an employer or insurance carrier for malice or bad faith. The department may award an amount which it considers just, not to exceed the lesser of 200% of total compensation due or $15,000. The department may assess the penalty against the employer, the insurance carrier or both. Neither the employer nor the insurance carrier is liable to reimburse the other for the penalty amount. The department may, by rule, define actions which demonstrate malice or bad faith.

¶ 21. WISCONSIN ADMIN. CODE § DWD 80.70 provides:

> **Malice or bad faith. (1)** An employer who unreasonably refuses or unreasonably fails to report an alleged injury to its insurance company providing worker's compensation coverage, shall be deemed to have acted with malice or bad faith.
>
> **(2)** An insurance company or self-insured employer who without credible evidence which demonstrates that the claim for the payments is fairly debatable, unreasonably fails to make payment of compensation or reasonable and necessary medical expenses, or after having commenced those payments, unreasonably suspends or terminates them, shall be deemed to have acted with malice or in bad faith.

¶ 22. The statute that is the crux of this appeal is WIS. STAT. § 102.23 and provides in relevant part:

> **Judicial review** . . . . **(5)** The commencement of action for review shall not relieve the employer from paying compensation as directed, when such action involves only the question of liability as between the employer and one or more insurance companies or as between several insurance companies.

¶ 23. *Standard of Review.* WISCONSIN STAT. § 102.18(1)(bp) provides that LIRC may assess up to 200% of compensation due to a bad faith refusal to pay worker's compensation due the employee, subject to a maximum penalty of $15,000. *Beverly*, 250 Wis. 2d 246, ¶ 15. The test for bad faith is whether the claimant has shown: (1) the absence of a reasonable basis for the employer's or insurer's decision to deny benefits; and (2) the employer's or insurer's knowledge or reckless disregard of a lack of a reasonable basis for denying or delaying payment. *Id.*

304

¶ 24. LIRC's findings of fact are conclusive on appeal so long as they are supported by credible and substantial evidence, and factual findings include the drawing of one of several reasonable inferences from undisputed facts. *Id.,* ¶ 16. Whether a particular set of facts constitutes bad faith is a question of law. *Id.*

¶ 25. There are three distinct levels of deference granted to agency decisions: great weight deference, due weight deference and de novo review. *UFE Inc. v. LIRC,* 201 Wis. 2d 274, 284, 548 N.W.2d 57 (1996). Which level is appropriate "depends on the comparative institutional capabilities and qualifications of the court and the administrative agency." *Id.* (citation omitted).

¶ 26. Although we are not bound by an agency's conclusion of law, we may accord it deference. *Beverly,* 250 Wis. 2d 246, ¶ 17. We give great weight deference when:

> (1) the agency was charged by the legislature with the duty of administering the statute; (2) . . . the interpretation of the agency is one of long-standing; (3) . . . the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) . . . the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Id.* (citation omitted). We also give great weight to an agency's interpretation of a statute when it is intertwined with factual determinations or with value or policy judgments. *Id.* We give a lesser amount of deference—due weight—when the agency has some experience in the area, but has not developed the expertise that necessarily places it in a better position

305

than the court to make judgments regarding the interpretation of the statute. *Id.*

¶ 27. Under the great weight standard, we uphold an agency's reasonable interpretation of the statute if it is not contrary to the clear meaning of the statute, even if we conclude another interpretation is more reasonable. *Id.*, ¶ 18. Under the due weight standard, we uphold the agency's reasonable interpretation if it comports with the purpose of the statute and we conclude there is not a more reasonable interpretation. *Id.* At all times we are mindful of the goal of statutory interpretation, which is to discern and give effect to the intent of the legislature. *See County of Jefferson v. Renz,* 231 Wis. 2d 293, 301, 603 N.W.2d 541 (1999). In determining legislative intent, first resort must be to the language of the statute itself. *Weiss v. Regent Props., Ltd.,* 118 Wis. 2d 225, 229, 346 N.W.2d 766 (1984). When a statute is plain and unambiguous, interpretation is unnecessary, and intentions cannot be imputed to the legislature except those to be gathered from the terms of the statute. *Id.* at 229–30. In short, if the language of the statute is plain and unambiguous, we need not look beyond it to determine the meaning of the statute. *City of Muskego v. Godec,* 167 Wis. 2d 536, 545, 482 N.W.2d 79 (1992).

¶ 28. We give no deference to the agency, and review an issue de novo, when the issue before the agency is one of first impression or the agency's position has been so inconsistent as to provide no real guidance. *Lopez v. LIRC,* 2002 WI App 63, ¶ 11, 252 Wis. 2d 476, 642 N.W.2d 561.

¶ 29. Moreover, where we conclude that an administrative agency has misinterpreted a statute, we do not owe it any deference because such misinterpretation is an erroneous exercise of discretion. *See DOR v. Sentry Fin. Servs. Corp.*, 161 Wis. 2d 902, 910 n.7, 469 N.W.2d 235 (Ct. App. 1991) ("A tribunal abuses its discretion when it proceeds on an erroneous view of the law.").

¶ 30. Finally, in deciding an appeal from a circuit court's order affirming or reversing an administrative agency's decision, we review the decision of the agency (i.e., LIRC), not that of the ALJ or the circuit court. *See Lopez*, 252 Wis. 2d 476, ¶ 9.

¶ 31. *Discussion.* LIRC determined that Shelby was not guilty of bad faith. Under WIS. STAT. § 102.18(1)(bp), LIRC retains almost total discretion in the area of bad faith. However, in reaching its bad faith determination, LIRC also concluded that Shelby's interpretation of WIS STAT. § 102.23(5) was reasonable. Our review focuses specifically on LIRC's conclusion that Shelby's interpretation of § 102.23(5) was reasonable. As such, we do not owe LIRC any deference because LIRC acknowledged in its order of June 28, 2002, that it has never interpreted § 102.23(5).

¶ 32. We conclude that WIS. STAT. § 102.23(5) is plain and unambiguous and LIRC erred by concluding that Shelby's interpretation of § 102.23(5) was reasonable. Section 102.23(5) states:

> The commencement of action for review *shall not relieve the employer* from paying compensation as directed, *when such action involves only the question of*

307

*liability as between the employer and one or more insurance companies or as between several insurance companies.* (Emphasis added.)

The intent of this language is unequivocal: an employer *must* make payment of benefits during judicial review when the only question is who will pay the benefits. *Id.* In this case, Shelby conceded an occupational injury. Its only contest in that regard was whether there was permanent total disability or permanent partial disability—and ultimately Shelby did not dispute permanent total disability.

¶ 33. The purpose of the Worker's Compensation Act drives our holding. "The basic purpose of the worker's compensation act is to provide prompt justice for injured workers to prevent, as far as possible, the delays that might arise from protracted litigation." *Employers Health Ins. Co. v. Tesmer,* 161 Wis. 2d 733, 738, 469 N.W.2d 203 (Ct. App. 1991). Further, "the worker's compensation act must be liberally construed to effectuate that policy which the legislature sought to advance by its passage." *Cruz v. DILHR,* 81 Wis. 2d 442, 450, 260 N.W.2d 692 (1978). An interpretation of WIS. STAT. § 102.23(5) that would permit an employer or insurer to impugn liability on a phantom insurance company would be tantamount to permitting employers and insurers to engage in mischief and to avoid paying benefits that they concede are due to the injured employee. We conclude that § 102.23(5) is plain and unambiguous and, by its terms, does not permit such tactics.

¶ 34. Moreover, the only indication that Shelby believed that there was a question of liability between it and another insurance company was when, at the last

minute, it attempted to claim that Bosco's date of injury was in October 1993. Shelby asked the ALJ to allow it to amend its answer to include the new date of October 1993. The ALJ refused.

¶ 35. Finally, we disagree with the argument that Shelby's insured, A.T., has no liability for bad faith claims handled separately from that of its insurer. WISCONSIN STAT. § 102.23(5) plainly requires the employer to pay the benefits when (1) it is contesting liability with its insurer or (2) two or more insurance companies are contesting liability with each other.

¶ 36. We reject the notion that any reasonable interpretation of WIS. STAT. § 102.23(5) allows the injured employee to be deprived of conceded benefits while insurers and/or employers battle over liability. We affirm the circuit court and remand this case to LIRC for proceedings consistent with this opinion. LIRC must consider whether A.T., Shelby, or both are liable for bad faith penalties under WIS. STAT. § 102.18(1)(bp). LIRC will be free to consider all of the factors that go into a bad faith determination, except that of Shelby's interpretation of § 102.23(5)—in other words, LIRC can go back to "square one" but in so doing it cannot ignore our conclusion that, as a matter of law, Shelby's interpretation of § 102.23(5) is unreasonable.

*By the Court.*—Order affirmed and cause remanded with directions.