Rock Tenn Company, Folding Carton Division and Lumbermens Mutual Casualty Company, c/o Kemper Services Company-Broadspire, Plaintiffs-Appellants,

v.

Labor and Industry Review Commission and Shelly Wasmund, Defendants-Respondents.

Court of Appeals

*No. 2010AP1723. Submitted on briefs March 30, 2011. —Decided May 25, 2011.*

2011 WI App 93

(Also reported in 799 N.W.2d 904.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert P. Ochowicz* and *Gretchen E. Leehr* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Charlotte Gibson*, assistant attorney general, and *J.B. Van Hollen*, attorney general; and *Ronald Bornstein* of *Bornstein Law Offices, S.C.*, Milwaukee.

Before Neubauer, P.J., Anderson and Reilly, JJ.

¶ 1. ANDERSON, J. Rock Tenn Company and Lumbermens Mutual Casualty Company (Rock Tenn) insist that the Labor and Industry Review Commission (LIRC) unreasonably interpreted WIS. STAT. § 102.18(1)(b) (2009–10)[1] in holding that it could be retroactively applied to award prospective treatment expenses. We affirm, because we conclude that LIRC's interpretation of the statute is reasonable; the retroactive application of the statute changes the payment date of treatment expenses and not the amount of the treatment expenses.

¶ 2. The underlying facts in this case are undisputed. On December 11, 2001, Shelly Wasmund suffered a compensable work-related injury to her back while employed by Rock Tenn. In an order and compromise agreement, it was found that Wasmund had sustained a work-related injury. Temporary total disability and permanent partial disability were assessed and paid accordingly.

¶ 3. On December 26, 2007, Wasmund filed an application for hearing seeking prospective surgery expenses under WIS. STAT. § 102.18(1)(b). Rock Tenn denied the claim for prospective surgery expenses, contending that the independent medical evaluations conducted by Dr. Hussussian establish Wasmund's injury was not work-related but related to a pre-existing degenerative condition. An administrative law judge (ALJ) held that the opinions of Rock Tenn's examining physician were less credible than the opinions of Wasmund's treating physicians and concluded that she

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

had suffered a work-related injury and was entitled to prospective surgery benefits.

¶ 4. Rock Tenn also insisted that WIS. STAT. § 102.18(1)(b) could not be applied retroactively; the statute became effective in January 2002, weeks after Wasmund suffered the work-related injury. The ALJ rejected this contention and ordered Rock Tenn to pay Wasmund's prospective surgery expenses. Rock Tenn appealed to LIRC and limited the appeal to its assertion that the retroactive application of § 102.18(1)(b) would violate its statutory and constitutional rights. LIRC affirmed the ALJ; first, it held that it lacked the authority to address Rock Tenn's constitutional challenge. LIRC then held that in prior decisions it had allowed the retroactive application of the statute.

> Reasonable and necessary medical expenses have always been, and continue to be, compensable. The changes to WIS. STAT. § 102.18(1)(b) merely alter when and how these expenses may be ordered paid. The commission held in [another] case that the provisions of WIS. STAT. § 102.18(1)(b) may be applied to injuries and subsequent medical expenses incurred in relation to an injury which occurred in 2001.

¶ 5. Rock Tenn sought judicial review. The circuit court explained that LIRC had reasonably concluded that WIS. STAT. § 102.18(1)(b) is remedial in nature and is to be applied retroactively to Wasmund's claim for prospective surgery benefits. It also rejected Rock Tenn's constitutional challenge, concluding that no vested, substantive rights of the employer were impacted by the statute because the employer already had a statutory obligation to pay an employee's medical expenses. Rock Tenn appeals from the circuit court's order affirming the decision of LIRC.

¶ 6. On appeal, we review the decision of LIRC and not the circuit court; although we benefit from the thoughtful and thorough analysis of the learned circuit judge. *See Jim Walter Color Separations v. LIRC*, 226 Wis. 2d 334, 340, 595 N.W.2d 68 (Ct. App. 1999).

### STATUTORY CHALLENGE

¶ 7. In this appeal, our review is of LIRC's interpretation of WIS. STAT. § 102.18(1)(b), and in such cases we apply one of three varying standards of review. *See Labor Ready, Inc. v. LIRC*, 2005 WI App 153, ¶ 5, 285 Wis. 2d 506, 702 N.W.2d 27.

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the de novo standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise and experience in determining that question presented.

*DOC v. Schwarz*, 2005 WI 34, ¶ 15, 279 Wis. 2d 223, 693 N.W.2d 703 (citation omitted).

¶ 8. Regardless of which deference level applies, we reach the same result: LIRC's interpretation of the statute is reasonable. Thus, "[u]nder the due weight standard, we will uphold the agency's interpretation and application of a statute if it is reasonable and

comports with the purpose of the statute, and no other interpretation is more reasonable." *Xerox Corp. v. DOR*, 2009 WI App 113, ¶ 48, 321 Wis. 2d 181, 772 N.W.2d 677.

¶ 9. In assessing LIRC's interpretation of WIS. STAT. § 102.18(1)(b), we apply the well-known standards of statutory interpretation.

> At all times we are mindful of the goal of statutory interpretation, which is to discern and give effect to the intent of the legislature. In determining legislative intent, first resort must be to the language of the statute itself. When a statute is plain and unambiguous, interpretation is unnecessary, and intentions cannot be imputed to the legislature except those to be gathered from the terms of the statute. In short, if the language of the statute is plain and unambiguous, we need not look beyond it to determine the meaning of the statute.

*Bosco v. LIRC*, 2003 WI App 219, ¶ 27, 267 Wis. 2d 293, 671 N.W.2d 331 (citations omitted). We liberally construe the worker's compensation statute in order to carry out its stated purpose. *County of Dane v. LIRC*, 2009 WI 9, ¶ 33, 315 Wis. 2d 293, 759 N.W.2d 571.

¶ 10. The purposes of the worker's compensation statute bear repeating:

> As has long been recognized by courts in this state, the purpose of the Worker's Compensation Act "is to give prompt relief to injured employees who are entitled to compensation." Because the purpose of the Act is to "provide prompt justice for injured workers and to prevent, as far as possible, the delays that might arise from protracted litigation[,] [t]he proceedings should be as simple and as speedy as possible."

757

*Bosco v. LIRC*, 2004 WI 77, ¶ 48, 272 Wis. 2d 586, 681 N.W.2d 157 (citations omitted).

¶ 11. The pertinent provision of Wis. Stat. § 102.18(1)(b) provides, "The department may include in any interlocutory or final award or order an order directing the employer or insurer to pay for any future treatment that may be necessary to cure and relieve the employee from the effects of the injury."[2]

¶ 12. Rock Tenn argues that "[a]ccording to the specific terms of Wis. Stat. § 102.03(4),[3] Wis. Stat. § 102.18(1)(b) does not apply retroactively. Rock Tenn contends that "since Wis. Stat. § 102.03(4) specifically fails to enumerate Wis. Stat. § 102.18(1)(b) as an exception to the rule that compensation should be awarded in accordance with the laws in effect as of the date of injury, the legislature did not intend for it to apply retroactively."

¶ 13. We reject Rock Tenn's argument and conclude that LIRC reasonably held that Wis. Stat. § 102.18(1)(b) was a remedial or procedural statute. Generally, statutes are applied prospectively. *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 293, 588 N.W.2d 19 (1999).

---

[2] Wisconsin Stat. § 102.18(1)(b) was amended by 2001 Wis. Act 37, § 21 and became effective in January 2002.

[3] Wisconsin Stat. § 102.03(4) provides:

The right to compensation and the amount of the compensation shall in all cases be determined in accordance with the provisions of law in effect as of the date of the injury except as to employees whose rate of compensation is changed as provided in [Wis. Stat. §§] 102.43(7) and 102.44(1) and (5) and employees who are eligible to receive private rehabilitative counseling and rehabilitative training under [Wis. Stat. §] 102.61(1m) and except as provided in [Wis. Stat. §] 102.555(12)(b).

There are, however, exceptions to this general rule. A statute may be applied retroactively if: 1) by express language or by necessary implication, the statutory language reveals legislative intent that it apply retroactively, or 2) the statute is remedial or procedural rather than substantive. If a statute falls under the second exception—that is, it is remedial or procedural—it nonetheless cannot be applied retroactively if the legislature clearly expressed its intent that it be applied prospectively only, or retroactive application would impair contracts or vested rights.

*Id.* at 294 (citations omitted).

¶ 14. The difference between a substantive statute and a procedural statute is clear. A statute is substantive if it creates, defines or regulates rights or obligations. *Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 147–48, 493 N.W.2d 40 (1992). Remedial or procedural statutes are "those which afford a remedy, or improve or facilitate remedies already existing for the enforcement of rights and redress of injuries." *Chappy v. LIRC*, 128 Wis. 2d 318, 324, 381 N.W.2d 552 (Ct. App. 1985) (citation omitted).

¶ 15. Under WIS. STAT. § 102.42(1),[4] Wasmund was and remains eligible for compensation for medical treatment. This is a substantive right that existed on

---

[4] WISCONSIN STAT. § 102.42(1) provides in relevant part:

The employer shall supply such medical, surgical and hospital treatment . . . as may be reasonably required to cure and relieve from the effects of the injury . . . . The obligation to furnish such treatment . . . shall continue as required to prevent further deterioration in the condition of the employee or to maintain the existing status of such condition whether or not healing is completed.

December 11, 2001, when she suffered a work-related injury and, under WIS. STAT. § 102.03(4), Wasmund's "right to compensation and the amount of the compensation" is determined by § 102.42(1) (1999–2000), the version in effect on the date she was injured. Contrary to Rock Tenn's argument, § 102.03(4) is not applicable. The method prescribed for enforcing her right to compensation is found in WIS. STAT. § 102.18(1)(b), which permits an employee entitled to treatment to seek to have the cost of treatment paid prospectively. Section 102.18(1)(b) presumes the "right to compensation" and does nothing more than improve or facilitate her right to compensation by moving the time of payment of treatment expense from posttreatment to pretreatment.

¶ 16. We cannot express the law better than the circuit court did in its decision:

> The right to compensation for reasonably required medical expenses has existed since 1911. In enacting [WIS. STAT. §] 102.18(1)(b), the legislature added to the means of enforcing an existing obligation; that is, the legislature added prospective payments as a procedural mechanism through which LIRC can enforce the defendant's right to compensation. LIRC reasonably concluded that "[t]he changes to [§] 102.18(1)(b) merely alter when and how these expenses may be ordered paid."

> Employers, insurers, or both, have a "continuing obligation" to compensate an employee for medical expenses incurred because of a work-related injury, even after a final order has been issued. [WISCONSIN STAT. §] 102.18(1)(b) simply adds a procedure for enforcing the right to compensation. LIRC reasonably concluded that [§] 102.18(1)(b) is remedial, applies retroactively to the defendant's case, and authorizes LIRC, and the ALJ, to order that the plaintiffs pay for the defendant's prospective back surgery. (Citations omitted.)

¶ 17. Rock Tenn also asserts that the retroactive application of WIS. STAT. § 102.18(1)(b) violated its rights under WIS. CONST. art. I, § 1, by denying it a vested property interest without due process. This is an issue of constitutional law, which we review de novo. *See Coulee Catholic Sch. v. LIRC*, 2009 WI 88, ¶ 31, 320 Wis. 2d 275, 768 N.W.2d 868.

¶ 18. Rock Tenn's argument that its vested rights were affected because it had a right to a "fixed exposure of liability" on the date of Wasmund's injury fails to ignite any interest. While we agree that Rock Tenn's liability was fixed on December 11, 2001, we cannot agree that WIS. STAT. § 102.18(1)(b) had any impact on the compensation due Wasmund. It did not increase Rock Tenn's liability by one cent, it only changed the timing of the payment of Wasmund's treatment expenses.

¶ 19. *Society Insurance v. LIRC*, 2010 WI 68, 326 Wis. 2d 444, 786 N.W.2d 385, is instructive. Gary Liska suffered a work-related injury on June 25, 1982, that required the amputation of his right leg below the knee. *Id.*, ¶ 2. Under the law in effect at the time of the injury, Society's liability to pay benefits or treatment expense expired on June 12, 2002, pursuant to the twelve-year statute of limitations. *Id.*, ¶ 3. The Work Injury Supplemental Benefit Fund (Fund) became liable for further benefits once the statute of limitations expired. *Id.* On April 1, 2006, the legislature amended the applicable statute to shift the burden of paying benefits after the expiration of the statute of limitations from the Fund to insurers. *Id.* The circuit court held the

retroactive application of the amendment to be uncon-stitutional as being violative of due process and the contract clause. *Id.*, ¶ 4. Accepting our certification, the supreme court affirmed. *Id.*, ¶¶ 1, 69.

¶ 20. The supreme court concluded "that Society has a vested right in limiting its liability to pay Liska's benefits or treatment expense once 12 years from the date of the last payment of compensation had passed." *Id.*, ¶ 42. In other words, the court held that Society had a vested right in limiting its liability to the actual benefits or treatment expense it had paid Liska during the twelve years from the date of injury. It held that the renewal of Society's liability for benefits or treatment expense until Liska's death violated due process be-cause it affected "Society's substantive, vested 'right to a fixed exposure to liability.' " *Id.*, ¶ 43.

¶ 21. Rock Tenn is not helped by *Society* because the retroactive application of Wis. Stat. § 102.18(1)(b) does not change the fixed amount of treatment ex-penses it is liable to pay Wasmund. Rock Tenn's liability is not being renewed, it is not being increased. There-fore, we find there is no violation of due process in the retroactive application of the statute.[5]

¶ 22. Again, the circuit court correctly summa-rized the reasons Rock Tenn's constitutional challenge fails:

> At the time of the defendant's injury, the plaintiffs had a statutory obligation to pay for the defendant's reason-

[5] Because we are holding that Rock Tenn has no vested property right and there is no impediment to the retroactive application of Wis. Stat. § 102.18(1)(b), we do not have to engage in the balancing test set forth in *Martin v. Richards*, 192 Wis. 2d 156, 531 N.W.2d 70 (1995). *Cf. Society Ins. v. LIRC*, 2010 WI 68, ¶ 30, 326 Wis. 2d 444, 786 N.W.2d 385.

able and necessary medical expenses. The change imposes no new obligations on the plaintiffs and does not impair their vested rights because the defendant's right to compensation, and the plaintiffs' obligation to pay that compensation, existed at the time of the injury. The amendment merely changes when and how the defendant's reasonable and necessary medical expenses (compensation) for her work-related injury can be ordered paid. Under [WIS. STAT. §] 102.18(1)(b), LIRC and the DWD can order the plaintiffs to pay for the defendant's prospective medical expenses, instead of ordering the plaintiffs to pay for the defendant's medical expenses after she incurs them. This change does not affect the substantive rights of employers or insurers; rather, it changes the procedure by which LIRC can enforce an employee's right to compensation. (Citations omitted.)

## CONCLUSION

¶ 23. LIRC reasonably interpreted WIS. STAT. § 102.18(1)(b) when it retroactively applied the statute to a work-related injury Wasmund suffered before the effective date of the statute. The retroactive application of the statute did not change Rock Tenn's liability for prospective treatment expenses, it only moved the date the expenses had to be paid from posttreatment to pretreatment. Further, the retroactive application of the statute did not violate the due process rights of Rock Tenn because the payment date of treatment benefits is not a substantive, fixed right.

*By the Court.*—Order affirmed.